## JAMES A. TOBIN v. L. O'BRIETER.

(Filed February 15, 1906.)

1. JURY—Findings of—Advisory only, When. When a jury trial is not a matter of right, and the court submits to the jury special questions of fact the answers returned thereto are merely advisory and the court may decide for itself all questions of fact, and the law in the case, notwithstanding the findings of the jury.

2. SAME—Not a Matter of Right, When—Chancery Jurisdiction. In a case of equitable cognizance, while the judge may call in a jury, or consent to one for the purpose of advising him upon the question

of fact, he may adopt or reject their conclusions as he sees fit, and the whole matter must eventually be left to him to determine. It is not only the right, but the duty of the court to determine all questions of fact, as well as of law.

3. EVIDENCE—Admission Discretionary, When—Chancery Cases. In the trial of a case, the question of admitting or rejecting testimony is one intrusted largely to the sound discretion of the trial court; and where the matter submitted by the issues in the case is not one where the parties are entitled to a jury, as a matter of right, and the ultimate decision of the case is with the court, and not with the jury, great latitude is allowed in the exercise of discretion by the court in admitting or rejecting testimony and the case will not be reversed in this court for error in this particular, unless such an abuse of discretion is shown as deprives the objecting party of some substantial right.

(Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before B. F. Burwell, Trial Judge.*

*Shartel, Keaton & Wells,* for plaintiff in error.

*Fulton & Paul,* and *J. L. Brown,* for defendant in error.

STATEMENT OF FACTS.

This is an action begun in the district court of Oklahoma county, and tried at the September term, 1903. In the petition, the plaintiff asks to have set aside certain deeds executed by the plaintiff to the defendant, on the grounds of fraud, and want of mental capacity. To this petition the defendant files an answer which is practically a general denial. On the trial a jury was called by the court, and questions of fact were submitted to the jury. The evidence was heard and the jury returned answers to the special findings to which answers the defendant objected and moved the court to set aside, which objection the court overruled, and refused to set aside the findings of the jury. The court rendered a decision in favor of the plaintiff annulling the deeds, and ordered a reconveyance by the defendant to plaintiff, to all of

which the defendant excepted. Motion for new trial was made and overruled by the court, and the court pronounced judgment in favor of the plaintiff and against defendant for a cancellation of the deeds, and ordered a reconveyance of the property, and taxed the costs to the defendant, to all of which the defendant excepted, and brings the case here for review.

Opinion of the court by

IRWIN, J.: In this case there are five reasons assigned by plaintiff in error for a reversal of this case. All except one, are based upon erroneous findings of the jury. The first assignment of error is,

"The answer of the jury to interrogatory No. 16, is not supported by the evidence; 2nd, the answer to special interrogatory No. 19, is not supported by the evidence; 3rd, the special findings of the jury, approved by the court, are inconsistent, and contradictory; 4th, the trial court erred in admitting certain incompetent and immaterial testimony on behalf of plaintiff, over the objection of defendant; 5th, the trial court erred in approving the answer of the jury to special interrogatory numbered one, and in not setting same aside as being unsupported by the evidence."

It will be borne in mind that it is clearly shown by the pleadings in this case that this is purely an equitable proceeding, being an action which asks for no other relief than the setting aside of a deed on the grounds of fraud and want of mental capacity in the grantors, except that in the petition, the plaintiff asks for damages. But, in the ultimate decision of the case, no damages were awarded by the court, consequently no interest of the defendant has been affected by this allegation in the petition. No jury seems to have been demanded by the defendant to try this issue, and no finding

on this issue having been found against the defendant, he has no cause for complaint. Now we take it that the law is well established that in an action in equity where a jury is not a matter of right to either party, that the court has the right either on the request of either party, or of his own motion, to empanel a jury to determine any question or questions of fact that may arise in the case; but in such case, the finding of the jury is merely advisory to the court, who sits only as chancellor, and the findings of the jury are in no way binding upon the court; and where the court has heard all of the evidence in the case, he may disregard any or all of the findings of the jury, and decide the case upon the evidence as taken before him, and whether the court does, or does not set aside the findings of the jury, the ultimate decision of the case is the decision of the court, and in determining the issues in the case the court will be governed entirely by the evidence in the case, regardless of the findings of the jury, or he may take the findings of the jury in connection with the evidence in the case, and from both these sources derive the knowledge upon which he bases his decision, and in such cases, mere erroneous findings of fact by the jury will not of themselves be a cause for reversal; and if the findings of the court are based upon evidence which reasonably tends to support such finding, the decision will not be reversed on the grounds that the evidence does not support the findings of the jury or of the court.

In the case of *Jonathan Hunt et al., v. W. B. Spencer,* reported in the 20th Kansas, at page 126, the supreme court of that state say:

"In a case in which a jury is not a matter of right, the court may submit certain questions of fact to a jury, and

itself thereafter, from the same testimony, make special findings upon matters not submitted to the jury and base its decree upon both the answers of the jury and its own special findings."

And in the case of *Moors v. Sanford, et al.,* 41 Pac. 1064, the Kansas supreme court say:

"When the issues submitted to a jury are not such as entitle the parties to a jury trial as a matter of right, the court may consider the answers which the jury returns to special questions of fact submitted to it as merely advisory, and it is not error for the court in such case to set aside a finding which is contrary to the evidence, and substitute a finding of its own."

In *Caldwell v. Brown, et al.,* 44 Pac. page 10, the Kansas supreme court say:

"When issues submitted to a jury are not such as entitle the parties to a jury trial as a matter of right, the court may consider the answers as merely advisory, and may disregard any finding not supported by the evidence."

In the case of *Missouri Valley Lumber Company v. Reid, et al.,* 45 Pac. page 722, the same court say:

"When a jury trial is not a matter of right, and the court submits to a jury certain special questions of fact, the answers returned thereto are merely advisory; and the court may decide for itself all questions of fact and of law in the case, notwithstanding the findings of the jury."

In the case of *Barnes et al., v. Lynch,* reported in the 9th Oklahoma, page 156, this court says:

"In cases of equitable cognizance, while the judge may call in a jury, or consent to one for the purpose of advising him upon the questions of fact, he may adopt or reject their conclusions as he sees fit, and the whole matter must eventually be left to him to determine, and instructions to the jury furnish no ground of error upon appeal. It was not

only the right, but the duty of the court to have determined all questions of fact as well as of law."

Now in the case at bar, the court heard the testimony the same as the jury, and the fact that he overruled the motion to set aside certain findings of the jury, would not warrant us in saying that he was not governed in his decision by the evidence; and as he had the undoubted right in a case of this kind to entirely disregard the findings of the jury, and to determine the question for himself regardless of the finding of the jury, and as on examination of the entire record we are not prepared to say that there was no evidence that reasonably tends to support the finding of the court, we do not think that for this reason the judgment and decision of the court should be reversed.

The only remaining assignment of error, and the only one argued by plaintiff in error that is not based upon the verdict of the jury, is the fourth assignment of error, to wit:

"The trial court erred in admitting certain incompetent and immaterial testimony on behalf of plaintiff, over the objection of defendant.",

Now we think, that considering this assignment of error literally, it contains its own answer, and must fall from its own weight. If the statement of counsel that the testimony was immaterial is true, then the admission or rejection of it would not be sufficient ground for a reversal of the case. If it was immaterial, it could not have much, if any weight or effect in determining any issue in the case. But we take it, from the fact that counsel have argued this proposition, that they do not mean that it was immaterial, but that it was incompetent and improper, and that it was material as affecting some issue in the case. Counsel in their brief point out

particular testimony that they claim was improperly received. The first that our attention is called to, is the question asked of plaintiff:

"Who is this W. H. Ryan? Is he a witness in this case, the one that you spoke of being in partnership with?"

This was objected to and overruled by the court, and the witness answered, "Yes, sir." The next question is:

"Mr. O'Brieter, I will get you to state to the jury the circumstances of your going into partnership with W. H. Ryan?"

This was objected to as incompetent, irrelevant, and immaterial, and not within the issues. The court after examining the issues overruled the objection. Now in this case it was apparent that W. H. Ryan was a partner of the plaintiff, and was to some extent instrumental in consummating the deal out of which this deed arose, and we think it was not error for the court to ascertain what if any connection Ryan had with the transaction, and under what circumstances the said Ryan and the plaintiff went into partnership. This might be material, not only to show Ryan's connection with the transaction, but also upon the issue of the mental capacity of the plaintiff. The next question was:

"Have you, since or before the commencement of this suit, or now, have you any suits pending or have you had any pending in favor of yourself, anything of the kind, here or anywhere else?"

This was objected to, and overruled. This question might be material as touching the mental capacity of the plaintiff. The next question objected to, and the admission of which is complained of, is the testimony of the plaintiff in regard to the improvements on the Illinois farm, which was

a consideration for the deed in question. This might be very material as showing the relative values of the properties exchanged, and as touching the question of mental capacity of the grantor. The next testimony admitted which is complained of by plaintiff in error was as to certain statements having been made by a physician four years prior to that time, while in attendance upon the plaintiff during sickness. The claim is made here that the want of mental capacity of the plaintiff was largely due to a stroke of paralysis, had some four years prior to the making of the deed. Now we take it, that the statements of a physician while examining a patient as to his condition, are proper as tending to show the mental capacity of the patient, and where it is apparent that the testimony of the physician himself is not obtainable, that these statements may be proven by any disinterested party who heard them.

In *Mutual Life Insurance Co., v. Tillman*, 84 Tex. App. 36, 19 S. W. 294, it is held:

"Declarations of a physician made while examining a patient are admissible as *res gestae*," and that same doctrine is laid down in 1st. Wharton on Evidence, section 262.

Now the inquiry as to the mental unsoundness of the plaintiff is proper to prove at any time prior to the making of the deed in question, the effect of such testimony depending to a large extent upon the condition of the unsoundness up to or near the date of the execution of the instrument. We think this was a proper subject of inquiry, and something the court had a right to know in determining these issues, and it was not error to admit these statements; but even conceding, for the sake of argument, that it was error, we do not think it was such error as would reverse the case, as the record

shows that this was only one of the issues upon which it was asked to have the deed set aside, and even upon this issue, the decision of the court does not rest alone upon this testimony, but is amply supported by other evidence in the case.

Having examined the entire record, and finding no error therein, the judgment of the district court is hereby affirmed, at the costs of the plaintiff in error.

Burwell, J., who presided in the court below, not sitting; all the other Justices concurring.