## MOSCHOS v. BAYLESS et al.

No. 16972. Opinion Filed July 5, 1927.

(Syllabus.)

**1. Action—Equitable Action Where Paramount Issue is One of Equitable Cognizance.**

Where in an action the paramount issue as formed by the pleadings is one of equitable cognizance and there exist certain issues of fact arising out of a demand for the recovery of money which are incidental to and dependent upon the equitable issue, said action is an equitable action.

**2. Jury—Jury Trial Denied Where Primary Issue is Equitable Relief.**

Where the gravamen of the action is of equitable cognizance, or the relief sought is an equitable remedy, such as the cancellation of an oil and gas lease, the right to a jury trial is not given by statute.

**3. Appeal and Error—Sufficiency of Evidence in Equity Case.**

In an equity proceeding the Supreme Court will weigh the evidence, but the judgment of the trial court will not be disturbed where it is not clearly against the weight of the evidence.

Commissioners' Opinion, Division No. 2.

Error from District Court, Rogers County; C. H. Baskin, Judge.

Action by Christ Moschos against Mary M. Bayless et al. Judgment for defendants and cross-petitioners, and plaintiff appeals. Affirmed.

Louis W. Pratt and James M. Springer, for plaintiff in error.

Robson & Moreland, for defendants in error.

JEFFREY, C. This is an action commenced in the district Court of Rogers county by Christ Moschos against Mary M. Bayless and twelve other parties defendant by a petition filed in said court on the 15th day of November, 1924. The plaintiff in error will be designated as plaintiff, and the defendants in error will be designated as defendants, as they appeared in the court below. The petition contains two causes of action. The material portions of the first cause of action are, in substance, as follows: That on the 31st day of July, 1919, the defendants executed and delivered to one Chas. A. Settle a certain oil and gas lease on the north half of the northwest quarter and the northwest quarter of the northeast quarter of section 5, township 22 north, range 16 east, Rogers county, Okla., and other land therein described, for a period of five years and so long thereafter as oil and gas or either of them are produced; that plaintiff by virtue of an assignment became the owner and holder of said oil and gas lease as to the above described land, and is in possession thereof; that several wells have been drilled on said premises necessitating the expenditure of large amounts of money; that the defendant lessors executed a top lease to one Roy Davis and J. C. Ballagh, who are also named as defendants, on the same land on the 31st day of May, 1923; that defendant lessees and lessors trespassed upon the land

upon which plaintiff claimed a leasehold interest, drilled a dry hole, thus impairing the value of plaintiff's leasehold to his damage, and prayed for damages in the sum of $25,000.

In his second cause of action plaintiff repleads by reference a portion of his first cause of action and alleges that the defendant lessees by the aid and connivance of the defendant lessors entered upon said leasehold and prevented plaintiff and his agents from operating said lease, and interfered with the peaceable possession and enjoyment of plaintiff's leasehold estate to plaintiff's damage in the sum of $5,000. Plaintiff further alleged that the defendants would continue to trespass upon said land and inflict irreparable injury and damages, for which plaintiff had no adequate remedy at law, and unless restrained during the litigation would produce further injury tending to render any judgment ineffectual. Then prayed for a restraining order and for a permanent injunction upon final hearing against each of the defendants. Upon the filing of said petition a temporary restraining order was issued against each of the defendants without hearing.

The defendant lessors filed an answer and cross-petition. By their answer they admitted the ownership of said land and the execution of the original Settle's lease, but denied that plaintiff was the owner of the lease, and further denied that the conditions of said lease on the part of the plaintiff or his assignors had been performed. By their cross-petition they allege in their first cause of action that plaintiff breached the implied covenants of said lease to diligently operate said lease and take care of the mineral products therefrom; that the leasehold estate had been abandoned by plaintiff for approximately three years; and that neither oil nor gas had been produced in paying quantities. Cross-petitioners conclude their first cause of action with a prayer for cancellation of the plaintiff's oil and gas lease; for a decree quieting title in cross petitioners; and for a decree enjoining plaintiff from exercising any right or title by reason of said lease.

By their second cause of action cross-petitioners allege that said plaintiff breached his contract; that cross-petitioners had an opportunity to sell a lease on said land, but that plaintiff refused to execute a release; and that by reason thereof they were unable to deliver merchantable title, and were thus damaged in the sum of $1,020, and prayed judgment for that amount. Plaintiff's reply and answer to said answer and cross-petition is a general denial of the allegations of new matter.

The cause came on for trial on the 23rd day of April, 1925, at which time plaintiff demanded a jury trial and objected to a trial to the court, which request was denied and objection overruled, and the court proceeded to take testimony without a jury, requiring the defendants to assume the burden of procedure. On the question of cancellation of the oil and gas lease the court found the general issues in favor of the defendants and cross petitioners, and rendered judgment canceling plaintiff's lease from which judgment and order overruling motion for new trial plaintiff has appealed to this court. No judgment was rendered on the questions of damages.

Two errors are assigned as grounds for a reversal of the judgment of the trial court. First, that the court erred in overruling plaintiff's request for and in denying him a jury trial. Second, that the court erred as a matter of law in rendering judgment in favor of the defendants in error upon the undisputed facts in the case. These assignments of error will be treated in their numerical order.

Plaintiff contends that this is an action for the recovery of money and comes within section 532, C. O. S. 1921, which is as follows:

"Issues of law must be tried by the court, unless referred. Issues of fact arising in actions for the recovery of money, or of specific real or personal property, shall be tried by a jury, unless a jury trial is waived, or a reference be ordered, as hereinafter provided."

It will be noticed that the paramount issue formed by the pleadings is whether plaintiff had a valid subsisting oil and gas lease on the lands above described, or whether by his acts of omission or commission the terms of said lease had been violated and the lease rendered null and void. Without a determination of this issue in favor of plaintiff, he would have no right to either legal or equitable relief. Certainly he would not be entitled to money damages against defendants for trespass if by his own acts he had violated the terms of the lease and rendered the same null and inoperative prior to the date of the alleged trespass. This clearly is the controlling issue of the lawsuit. The determination of all other issues is dependent upon a determination of this one. This issue determines the character of the action, and in such actions

the parties are not, as a matter of right, entitled to a jury. A jury may, in the discretion of the court, be called upon to pass upon the issues, but in such case the jury could only act in an advisory capacity. This issue, as well as the relief sought, is purely of equitable cognizance. Hence, this is not an action for the recovery of money as is defined in section 532, C. O. S. 1921, supra, but comes within the rule laid down in the case of New v. Smith, 86 Kan. 1, 119 Pac. 380, and quoted with approval in the case of Warner v. Coleman, 107 Okla. 292, 231 Pac. 1053, where it is said:

"We think that where the gravamen of the action pleaded is one which would have been for the conscientious determination of the chancellor under rules of equity, before the general adoption of Codes, the cause is one essentially in equity, and that though its form may be in ejectment, yet where the law feature, the possession, follows merely as an incident to the determination of the equitable issue on which it rests, it is not one for the recovery of specific real estate."

In the case of Mathews et al. v. Sniggs et al., 75 Okla. 108, 182 Pac. 703, plaintiffs sought to recover possession of certain real estate. Defendants, in addition to answering the petition, filed their cross-petitions, asked for a decree quieting title in them, and for an injunction against plaintiffs. At the trial plaintiffs demanded a jury, which was by the court denied. The court gave a thorough and careful discussion of the question with which we are here concerned and said:

"The right to trial by jury in an action at law in which an equitable defense is interposed depends on whether the effect of such defense is to convert the action into an equitable suit. There is, as heretofore observed, a distinction between an equitable defense set up merely for a strictly defensive purpose and an equitable defense interposed for the purpose of securing affirmative equitable relief. The former does not change the mode of trial in an action at law; the latter, constituting in itself a cause of action, is to be tried in the same manner as if it had been instituted as a separate suit. And so, where the defendant's allegations amount to a cross-action or counterclaim, on which, but for the statute authorizing equitable defenses and cross-actions, he would have to maintain a separate suit in equity for affirmative relief, such cross-action is treated like any other suit in equity, and issues arising thereon are triable by the court."

Thus it will be seen that the defense interposed by cross-petitioners in the case at bar was for the purpose of securing affirmative equitable relief, and converted the action into an equitable suit. In Lincoln Trust Co. v. Nathan et al., 175 Mo. 32, 74 S. W. 1007, plaintiff sued for rents, and defendants filed a cross-petition, asking for the cancellation of their lease. Plaintiff demanded a jury trial, which was denied by the court. On that question the appellate court said:

"The infirmity underlying this position is that the answer does not simply interpose an equitable defense, but it is a cross-bill in equity, asking affirmative relief, which, if granted, as it was, would cut out the foundations on which the plaintiffs' right to recover depended, and therefore destroy the plaintiffs' case. This accentuates the difference between a mere equitable defense and a cross-bill in equity asking affirmative relief, which, if granted, destroys the plaintiffs' case. This being true, the answer and cross-bill converted this case into one in equity, and a trial by jury was properly denied."

This case, as well as Fish v. Benson, 71 Cal. 428, 12 Pac. 454, which is very similar, is approved by Mathews v. Sniggs, supra, and quoted from at considerable length. See, also, Chouteau v. Hornbeck et al., No. 17364, decided by this court May 31, 1927, 125 Okla. 254, 257 Pac. 372; and Moore et al. v. Stanton et al., 77 Okla. 41, 186 Pac. 466; Black v. Donelson, 79 Okla. 299, 193 Pac. 424; Probst v. Bearman, 76 Okla. 71, 183 Pac. 886.

When defendants admitted the execution of the original lease, it became necessary for them to assume the burden of procedure and establish the facts which they alleged to constitute a forfeiture of said lease. Had they failed, plaintiff's right for such damages as might be established by reason of trespass upon his premises would follow as a natural sequence.

Plaintiff cites several authorities in support of his contention, but none of them are decisive of this case, and are to be distinguished from it. In the case of Word v. Nakdimen, 74 Okla. 229, 178 Pac. 257, plaintiff sued upon certain notes, and asked to have a contract of conveyance canceled. The contract had been given by plaintiff as a consideration for the execution of the notes. Defendant admitted the execution of the notes, but by way of cross-petition claimed damages as an offset against plaintiff by reason of the wrongful levy of an attachment. Plaintiff's right to cancel the contract depended upon whether defendants were indebted to him. The paramount is-

sue was one of law. The equitable relief there sought depended upon a determination of certain legal issues. The same is true in the case of Gill et al. v. Fixico et al., 77 Okla. 151, 187 Pac. 474. In the case of Mathews et al. v. Sniggs et al., 75 Okla. 108, 182 Pac. 703, the court in discussing a similar question referred to the cases of Cooke v. Childs and Word v. Nakdimen, and said:

"In so far as Cooke v. Childs and Word v. Nakdimen contain expressions in conflict with this opinion, such portions of the opinion are disapproved."

In the case of Grace et al. v. Hilderbrandt et al., 110 Okla. 181, 237 Pac. 98, the court said that the primary purpose of the action of defendant set up in her cross-petition was the recovery of the possession of her part of the land; and that the other grounds of relief, such as cancellation of the deeds and accounting, were but incidental to the recovery of possession. This of course was rightly styled an action for the recovery of specific real property, in which the parties were entitled to a jury, as a matter of right, under section 532, C. O. S. 1921.

The second assignment of error has not been briefed, and ordinarily would be regarded by this court as abandoned. However, we have examined the evidence in the case and find that the judgment is not against the clear weight of the evidence. In an equity proceeding this court will weigh the evidence, but the judgment of the trial court will not be disturbed where it is not clearly against the weight of the evidence.

The judgment of the trial court is therefore affirmed.

BENNETT, HERR, HALL, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 1 C. J. p. 1046, §175. (2) 35 C. J. p. 160, §30; p. 162, §32: 16 R. C. L. p. 209; 3 R. C. L. Supp. p. 550; 6 R. C. L. Supp. p. 952. (3) 4 C. J. p. 898, §2868; p. 900, §2869; 2 R. C. L. p. 202; 1 R. C. L. Supp. p. 432; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 81; 6 R. C. L. Supp. p. 73.