## HARRIS et al. v. DAVIS.

No. 22466.    Dec. 11, 1934.

W. M. Hall and B. C. Franklin, for plaintiffs in error.

Albert H. Bell, for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Tulsa county in favor of the plaintiff in that action, the defendant in error in this court, and against the defendants in that action, the plaintiffs in error in this court, quieting the title to certain land involved in the action.

In the language of the plaintiffs in error:

"The plaintiffs submit that the judgment of the trial court should be reversed for the following reasons:

"That this case is one for the possession of real estate and for damages for withholding the same, and that they were entitled to trial by a jury.

"That Lee Duncan was appointed guardian of Dilsey Harris and was never discharged, and that therefore the attempted appointment of J. C. Reed was void and the stipulation and procedure had thereon are therefore entirely void and the judgment based thereon is void.

"That the stipulation entered into by J. C. Reed and the approval of such stipulation and finding thereon for the appellee and his privies are void for the reason that the same constitute the sale of real estate and that only the probate or county courts of the state have jurisdiction thus to authorize and confirm the sale of real estate.

"That by the acts of Congress only the county courts of the state in their probate jurisdiction have authority to decree and confirm the sales of real estate of incompetent allottees.

"That the court erred in forcing the appellants into trial without their codefendants having been brought into court and for compelling them to proceed in the trial of the case without their being able to be prepared."

The pleadings show that the action, on the part of the plaintiff, was to quiet title, and, on the part of the defendants, to cancel a certain deed of conveyance and to vacate a former judgment of the district court. The defendants were not entitled to a trial by jury.

The record shows a valid order of the county court of Muskogee county discharging Lee Duncan as guardian of Dilsey Harris. There is nothing in the record to show that J. C. Reed was not the duly qualified and acting guardian of Dilsey Harris at the time of the rendition of the former judgment of the district court of Tulsa county.

The stipulation entered into by J. C. Reed as guardian, and the approval of that stipulation and the judgment rendered thereon by the district court of Tulsa county after the approval of the stipulation by the county court of Rogers county, to which county the guardianship had been transferred, are not void. That court had jurisdiction of the parties and of the subject-matter and jurisdiction to make the particular order that was made. That judgment was never attacked by Dilsey Harris during her lifetime. The plaintiffs in error attack it in this action on the theory that in 1925, at the time the judgment was rendered, the land of Dilsey Harris was restricted. That contention is without merit, for Dilsey Har-

ris was a Creek freedman adult. The cases cited by the plaintiffs in error are decisions relating to the rights of minors and not to the rights of incompetents. Dilsey Harris was not a minor.

In Carter Oil Co. v. Fleming et al., 117 Okla. 39, 245 P. 833, this court held:

"In the absence of a statutory or constitutional provision to the contrary, a guardian, by and with the approval of the county court having jurisdiction of the estate of his ward, may compromise any controversy or litigation involving the estate of such ward; and such compromise will be binding upon the ward when it is made for his best interest and in good faith; and the subject-matter of the compromised controversy or litigation cannot be relitigated by the ward."

That rule was recognized in Verdine v. Cosden & Co., 96 Okla. 52, 220 P. 329, and in Thompson v. Maxwell Land Grant Co., 168 U. S. 451, 42 L. Ed. 539.

We find nothing in the record to show that the defendants were prejudiced by the trial of the case at the time when codefendants had not been brought into court.

We find no error in the judgment of the trial court, and it is in all things affirmed.

RILEY, C. J., and SWINDALL, OSBORN, and BUSBY, JJ., concur.