TRAVIS, Ex'r, v. McCULLY et al.

*98 P. 2d 595.*

No. 29169.   Jan. 23, 1940.

C. Everett Murphy and R. F. Shutler, both of Kingfisher, for plaintiff in error.

T. R. Blaine, of Kingfisher, for defendants in error.

OSBORN, J. This action was instituted in the district court of Kingfisher county by Sarah Leota Travis, who has since died, and the action is now prosecuted by Fred Travis, Sr., executor of the estate of Sarah Leota Travis, deceased, against Emma McCully, also known as Emma G. McCully, and others, whereby the plaintiff sought to have a deed held by the defendant set aside and canceled. The cause was tried to the court and judgment was rendered for the defendant Emma McCully, from which judgment plaintiff has appealed. The parties will be referred to as they appeared in the trial court.

Plaintiff alleges in her petition that she is the daughter and an heir at law of Charles McCully, Sr., deceased; that Charles McCully died intestate on or about the 26th day of May, 1936; that he left property real and personal, and that his sole heirs were the plaintiff and plaintiff's mother, Emma McCully, and various other defendants named in the petition, who were the sons and daughters of deceased and the defendant Emma McCully; that on May 23, 1935, the defendant Emma McCully obtained a deed from the said Charles McCully to certain real estate described in the petition, which was placed of record; that the defendant Emma McCully obtained said deed by fraud and undue influence exercised by her over her husband; that said fraud was occasioned by the fact that Charles McCully, Sr., was feeble in both mind and body and nearly 80 years of age; that because of his physical and mental condition he did not have the ability to understand the nature and effect of the act and was unable to comprehend the effect of the deed or that the same would divest him of title to said real estate; that the deceased was incapable of transacting any business and required constant attention and supervision at all times and was under the constant care, supervision, and surveillance of the defendant; that the defendant unduly influenced and persuaded said deceased to sign said deed; that said deed was executed without a valuable consideration and that no title passed from the said Charles McCully, Sr., to the defendant by virtue of said deed; that said real estate was

rightfully a part of the estate of Charles McCully, Sr., deceased. The prayer of plaintiff asked that the deed described be canceled and set aside, and that defendant be required to make an accounting for her benefit and the benefit of the estate of Charles McCully, deceased, and that she be enjoined from transferring said property. Numerous other pleadings were filed by both plaintiff and the other defendants which are immaterial in the determination of this cause.

The defendant answered by way of general denial, and the cause was tried to the court after the court had overruled the motion of plaintiffs for a jury trial.

Various assignments of error are listed by plaintiff under three propositions: First, that the court erred in overruling plaintiff's demand for a trial by jury; second, that the court erred in admitting certain evidence over the objection of plaintiff; and third, that the judgment and decision of the court was contrary to the law and the evidence.

It is plaintiff's contention that her cause of action is primarily one for possession of the land involved, and that under section 350, O. S. 1931, 12 Okla. Stat. Ann. § 556, she was entitled to a trial by jury.

This contention is without merit for the reason that plaintiff was not in a position to bring an action for possession. Her status was that of an heir to an undetermined amount of the property involved. The petition clearly states that plaintiff's cause of action is for cancellation of the deed involved. The prayer, as set out in plaintiff's petition, simply asks that the deed be set aside and held for naught, and the property be decreed to be a part of the estate of Charles McCully, Sr., deceased. Plaintiff does not ask for possession of the lands involved. It follows that plaintiff's action was one of equitable cognizance and she was not entitled to a jury trial. In Harris v. Davis, 170 Okla. 35, 38 P. 2d 562, this court held:

"An action to cancel a deed is an equitable proceeding and no party thereto is entitled to a jury trial, though the action also involve the possession of the land and damages for the wrongful withholding of the possession thereof."

See Evans et al. v. Local Bldg. & Loan Ass'n, 169 Okla. 274, 36 P. 2d 895.

Plaintiff's second proposition, regarding the admission of allegedly irrelevant evidence in the case, is without merit for the reason that it is not shown that the evidence complained of was relied upon by the court, and for the further reason that the admission of incompetent evidence in cases tried to the court is not reversible error except where there is an absence of competent evidence reasonably tending to support the judgment. This rule was laid down in the case of Tobin v. O'Brieder, 16 Okla. 500, 85 P. 1121, and has been followed by a long line of cases.

Plaintiff's third proposition, that the decision of the court was contrary to the law and the evidence, requires an examination of the record herein. It is a well-settled rule of this jurisdiction that in a case of equitable cognizance the appellate court will examine and weigh the evidence, but the findings and judgment of the trial court will not be disturbed on appeal unless it is made to appear that such findings and judgment are against the clear weight of the evidence. Mid-Continent Life Ins. Co. v. Sharrock, 162 Okla. 127, 20 P. 2d 154, and cases therein cited.

An examination of the entire record reveals that plaintiff introduced evidence tending to show that the deceased, Charles McCully, Sr., was about 80 years of age and was suffering from pernicious anemia; that there were occasions when he apparently became confused as to the location of his home; that his wife, the defendant herein, was with him constantly and attended to the family business. There was medical testimony to the effect that McCully refused to take medicine prescribed by his physicians with sufficient regularity to completely control his disease, but the testimony of physicians indicates

that when he did take the treatment prescribed he was competent to transact his business. There was no positive evidence that deceased was incompetent at the time he executed the deed which plaintiff seeks to have set aside in this action. On the contrary, there was evidence by the deceased's banker, and numerous other witnesses, that they considered deceased perfectly competent to transact his business, and that in their opinion he was fully aware of the consequences of his act in executing the deed in question. There was positive testimony by the notary public who took the acknowledgment to the deed who stated that he talked with deceased privately prior to taking the acknowledgment and inquired of him regarding the extent of his property, and that in his opinion McCully was fully aware of the extent of his property and was anxious to deed his interest in it to his wife in order that she might have sufficient estate to protect her during the remainder of her life. It further appears from the record that the McCullys had been married for more than 40 years and had always been devoted to each other; that the defendant was in constant attendance upon her husband until the time of his death and refused to permit other persons to care for him. It further appears that the defendant, Mrs. McCully, owned a farm in Logan county which had originally been homesteaded by her husband and herself, upon which oil had been discovered, and that the McCullys had eight children living; that following the discovery of oil on their homestead they divided the royalties from the production to themselves and each of the children in equal shares, and conveyed to each of the children an undivided one-tenth interest; that each of the children had received therefrom funds in excess of $40,000, and that the parents had executed various loans to several of the children, none of which appear to have been paid. It further appears that plaintiff and two or three of the other children had become very antagonistic toward their father and mother because they were of the opinion that some partiality was being shown to the remaining children. It appears that the small properties in question were owned jointly by the deceased, Charles McCully, Sr., and the defendant Emma McCully, and that the defendant was possessed of an undivided one-half interest in the property in question prior to the execution of the deed complained of; and it further appears that this property, which seems to be of modest value, is all that remains in the estate of Charles McCully, Sr., and is all the property owned by the defendant Emma McCully. It is clear from the foregoing resume of the record that there was ample evidence to support the judgment of the trial court that there was ample consideration for the execution of the deed, and that the finding of the trial court that the deceased was competent and aware of the consequences of his act when the deed was executed is not against the clear weight of the evidence.

The judgment of the trial court is affirmed.

WELCH, V. C. J., and RILEY, GIBSON, and DAVISON, JJ., concur.

---

WELCH, V. C. J. (concurring specially). The plaintiff in error relies upon section 350, O. S. 1931, 12 Okla. St. Ann. § 556, to support the claim of right to a jury trial. That section specifies the character of actions in which issues of fact are triable to a jury as a matter of right. Decisions are cited involving the character of actions in which such right did exist. However, this action is not of such character and therefore the statute relied upon does not give the right to a jury trial in this action.