## LILES v. BIGPOND.

No. 29459.   Jan. 27, 1942.

*121 P. 2d 596.*

W. F. Pardoe, of Stroud (Leroy J. Burt, of Sapulpa, on the brief), for plaintiff in error.

Rockwood & Rockwood and Thos. S. Harris, all of Sapulpa, for defendant in error.

PER CURIAM.   This action was instituted by Samantha Bigpond, hereinafter referred to as plaintiff, against Eva Liles, hereinafter referred to as defendant, to rescind sale of real estate and to cancel a deed alleged to have been procured by fraud, artifice and overreaching, and for grossly inadequate consideration.

The plaintiff alleged in her petition that she was an Indian of the full blood and the widow of Louis Bigpond, who was likewise an Indian of the full blood, and that plaintiff had inherited an undivided one-half interest in the estate of the said Louis Bigpond, deceased, which estate consisted of 160 acres of restricted lands which had been allotted to the deceased by the Creek Nation and 40 acres of other lands and certain other properties in the cities of Sapulpa and Bristow; that the husband of the defendant, acting as her agent, had taken advantage of plaintiff's ignorance of business matters and her weakness for intoxicating liquors and had played upon the fears and credulity of plaintiff and had led her to believe that the estate of Louis Bigpond, deceased, was incumbered with taxes and liable to debts and costs of administration and attorney fees which would exhaust the estate and leave nothing for the heirs, and had thereby, while plaintiff was in a drunken and irresponsible condition, induced the plaintiff to execute the deed in controversy, which conveyed to the defendant plaintiff's entire interest in the estate of her deceased husband, all of which had been accomplished for a consideration of $50; that the statements made by the defendant, and relied upon by the plaintiff, were known by the defendant to be untrue at the time they were made; that the 160 acres of allotted lands were subject neither to taxes, debts, nor costs of administration in the estate of Louis Bigpond, deceased, and the value of the other property was greater than defendant had induced the plaintiff to believe, and that said deed insofar as the 160 acres of restricted lands was concerned was void for the reason that it had not been approved by the agency designated by Congress and contravened the provisions of section 9 of the Act of May 29, 1908, and further that the consideration paid for said deed was so grossly inadequate as to shock the conscience of the court and to justify cancellation thereof for said reason. The plaintiff

tendered the $50 which she had received for the deed, prayed for rescission of the contract, cancellation of the deed, quieting of title against any claims of defendant, and for possession and an accounting for the rents and profits which defendant had received. The defendant rejected the tender, admitted the execution of the deed and that the consideration paid therefor was the sum of $50; denied that any fraud, artifice, or deceit had been used in obtaining said deed; alleged that the consideration was a fair and adequate one under the circumstances, and that the transaction had been consummated at the insistence of the plaintiff; and further alleged that the plaintiff had represented herself as being an Indian whose blood was less than that of a full blood, and that she had put such recital in the deed in controversy, and therefore should be estopped to assert that she was a full-blood Indian.

The defendant demanded a trial by jury, which was refused, and thereafter trial proceeded to the court. The court at the request of the parties made certain findings of fact and conclusions of law. The court found, in substance, that the plaintiff was a full-blood Indian woman and was addicted to the excessive use of intoxicating liquors and was ignorant and inexperienced in ordinary business affairs, and that the deed in controversy had been obtained for the defendant by her husband, who was an experienced real estate man and who had been engaged in such business for some 20 years; that the defendant's husband, acting as her agent, had made a number of trips to see the plaintiff to induce her to execute the deed, and in furtherance thereof had made certain representations which were untrue and which the said agent of the defendant knew to be untrue, particularly with reference to the value of the estate, its liability for taxes, debts, costs of administration and attorney fees, and that the lands which had been allotted to Louis Bigpond by the Creek Nation were subject neither to taxes nor debts, nor administration costs, and that the deed insofar as it attempts to convey said lands was ineffective for the reason that it was not made in compliance with the provisions of section 9, Act of Congress May 27, 1908. The court further found that the estate of Louis Bigpond, deceased, was worth approximately $12,-000 and the acts of the defendant constituted such fraud as would justify a rescission of contract and a cancellation of the deed. The court concluded as a matter of law that the deed had been procured by fraud and for such a grossly inadequate consideration as would shock the conscience of the court, and that therefore the plaintiff was entitled to the relief for which she prayed. The judgment of the court was that the deed in controversy be canceled and held for naught. Motion for new trial was overruled, and defendant has perfected this appeal.

As grounds for reversal of said judgment the defendant submits four propositions, which, in substance, are that the findings of the court are against the weight of the evidence, and defendant was entitled as a matter of right to a trial by jury, and that there was the improper admission of incompetent evidence, and finally that it was error to render a judgment for the plaintiff under all of the circumstances.

The defendant discusses the first contention very briefly, and thereunder urges, in effect, that since there was testimony which contradicted that of plaintiff relative to her quantum of Indian blood, the testimony of plaintiff should be treated as unworthy of belief, particularly since the deed contained a recital to the effect that plaintiff was a mixed-blood Indian and not a full blood, and that this should constitute an estoppel. The substance of this contention is that the evidence is insufficient to sustain the judgment of the trial court. For the reasons hereinafter appearing, the contention cannot be sustained.

The next and most seriously urged contention is that the defendant was entitled to a trial by jury as a matter of right. Under this proposition the defendant contends that the plaintiff's action was one for the possession of real

114

estate, and therefore one wherein trial by jury must be had unless waived by the parties. In support of this contention we are cited to Mitchell v. Gafford, 73 Okla. 152, 175 P. 227; Carden v. Humble, 76 Okla. 165, 184 P. 104; Strawn v. Brady, 84 Okla. 66, 202 P. 505; Gill v. Fixico, 77 Okla. 151, 187 P. 474; Yargee v. McMillan, 129 Okla. 48, 262 P. 686; Abrams v. Neal, 178 Okla. 158, 61 P. 2d 1103; Fitz-Gerald v. Lightfoot, 180 Okla. 598, 71 P. 2d 707; Stevens v. Rogers, 180 Okla. 305, 68 P. 2d 821. The cases thus cited, as has been pointed out in Allen v. Jones, 188 Okla. 546, 110 P. 2d 911, are authority for the rule that trial by jury is a matter of right where the gravamen of the action is to establish title and right to possession of specific real estate, but have no application in cases where the action is one which was formerly cognizable solely in equity and in which the gravamen of the action is to establish the right to rescission, cancellation, or other purely equitable remedy. In the case at bar the plaintiff was seeking to rescind the contract and to cancel the deed. The gravamen of her action was to establish the right to such rescission and cancellation and all other matters requested in the prayer were merely incidental thereto. As said in the case of Travis, Ex'r, v. McCully, 186 Okla. 378, 98 P. 2d 595:

"An action to cancel a deed is of equitable cognizance, and no party thereto is entitled to a jury trial."

See, also, Harris v. Davis, 170 Okla. 35, 38 P. 2d 562.

The action being one of purely equitable cognizance in which the right to trial by jury did not exist, the contention of the defendant relative to error in the admission of incompetent evidence requires but little consideration, since it has been held in such case it must be shown that the judgment rendered rests solely upon such incompetent evidence. See Travis v. McCully, supra; Tobin v. O'Brieter, 16 Okla. 500, 85 P. 1121.

The final contention of the defendant is predicated upon the assumption that all of the previous contentions were well taken. Since we have seen that this is not true, it is not necessary to discuss this contention. The action being one of purely equitable cognizance, we have read the entire record and examined and weighed the evidence, and find therefrom that the finding of the trial court to the effect that the deed was procured by acts which amounted to fraud within the definition of that term (Van Winkle v. Henkle, 77 Okla. 34, 186 P. 942), and for a consideration so grossly inadequate as to shock the conscience of the court, is sustained by the evidence and is not clearly against the weight thereof. Such being the case, it follows that the trial court did not err when it rendered the judgment which it did for the plaintiff.

Judgment affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, GIBSON, HURST, and ARNOLD, JJ., concur. BAYLESS and DAVISON, JJ., absent.