BEMAN et al. v. KINSER.

No. 30648. June 2, 1942.

*126 P. 2d 690.*

H. Tom Kight and H. Tom Kight, Jr., both of Claremore, for plaintiffs in error.

Frank Ertell, of Claremore, for defendant in error.

DAVISON, J. This is an action by a lessee for a term of years to obtain possession of real property.

The property involved is 60 acres of land in Rogers county, Okla. It is owned by Allie Beman. On August 24, 1940, she entered into a written lease contract with H. Kinser whereby she leased the land to him for a period of four years, from January 1, 1941, to December 31, 1944. The agreed rental was $125 per year payable in advance on the 1st day of January of each calendar year.

Coincident with the execution of the lease the lessee delivered to the lessor his post-dated bank check for $125. The check was dated January 1, 1941, and was to be cashed at that time by the defendant Allie Beman in payment of the rent for the first year.

The check was never presented for payment. Before January 1, 1941, the landowner returned the check. The lessee says her reason for so doing was that about that time rental properties increased in value in the section of the state where the farm was situated, causing her to become dissatisfied with her bargain. That, however, as we shall see, is not the basis on which she seeks judicial approval of her action.

The lessee, H. Kinser, commenced this action on January 9, 1941, against Allie

Beman to obtain possession of the land. He also named one Ed McElwain as a party defendant on the theory that the latter was occupying the land under arrangement with his codefendant, Allie Beman. McElwain joined in the defense of this action, but asserted no individual rights as tenant of the owner.

Issues were joined and the cause was tried in May of 1941. A jury was impaneled; however, at the close of defendants' evidence the plaintiff interposed a challenge to its sufficiency, which was sustained by the trial court and judgment was rendered for the plaintiff by the court.

The defendants have appealed, appearing herein as plaintiffs in error. The order of appearance is thus reversed; however, our continued reference to the parties will be by their trial court designation.

They urge in substance that the trial court erred in withholding issues of fact from the consideration of the jury, and that they were entitled to have such issues passed upon by the jury as a fact-finding body. Their position in this respect is not tenable, and the action of the trial court cannot be viewed from the standpoint requested.

The reason their position cannot be maintained is that at the commencement of the trial they admitted the essential elements of plaintiff's case, thus dispensing with the necessity of proof on his part. They then assumed the burden of proof for the purpose of seeking rescission and cancellation of the rental contract on the theory that the defendant, Allie Beman, was in fact mentally incompetent to make the contract, though not previously adjudicated incompetent.

They invoke the rule of rescission announced by this court in the first syllabus of Oklahoma Natural Gas Corporation v. Lay, 175 Okla. 75, 51 P. 2d 580, which reads:

"The contract of a person of unsound mind, but not entirely without understanding, made before her capacity has been judicially determined, is subject to rescission without prejudice to rights of third persons, as provided in the article on extinction of contracts."

The dispute in this action centered around the defense presented and the gravamen thereof was of equitable cognizance and of such a nature that it was the duty of the trial court to weigh the evidence and pronounce its own independent judgment on the issue. The verdict of the jury, if rendered, would have been advisory only. In Allen et al. v. Jones, 188 Okla. 546, 110 P. 2d 911, we said (quoting with approval from our earlier decision in Moore v. Kelly, 57 Okla. 348, 157 P. 81):

" 'Where the action in the main is one for rescission, but the recovery of real property, the possession of which was obtained under said contract, is also prayed for, it is not error to refuse a jury trial when the controversy hinges upon the rescission of the contract, and the recovery of possession is a mere incident to the main action.' "

The nonjury character of the controlling issue may arise by reason of the position taken or issues created by the defendant as well as the plaintiff. Moschos v. Bayless, 126 Okla. 25, 258 P. 263; see, also, other cases reviewed in Allen v. Jones, supra.

In Moschos v. Bayless, supra, we said in paragraphs 1 and 2 of the syllabus:

"Where in an action the paramount issue as formed by the pleadings is one of equitable cognizance and there exist certain issues of fact arising out of a demand for the recovery of money which are incidental to and dependent upon the equitable issue, said action is an equitable action.

"Where the gravamen of the action is of equitable cognizance or the relief sought is an equitable remedy, such as the cancellation of an oil and gas lease, the right to a jury trial is not given by statute."

Similarly, where the dominant issue in a case is for the determination of the court as distinguished from the jury, and a demurrer to the evidence is inter-

posed, the same should be treated as a motion for judgment and the court may weigh the evidence in passing on the issue. Biggs v. Federal Land Bank, 186 Okla. 99, 95 P. 2d 902.

Thus, in this case the governing issue of fact was for the court, not the jury. The court passed upon the issue, and the plaintiff cannot complain because the jury did not.

We cannot reverse the action of the trial court unless it is clearly against the weight of the evidence. While the plaintiff does not assert that the decision of the trial court was against the weight of the evidence, we have, in accord with the usual proceeding in reviewing such cases, reviewed the evidence and considered its weight. From our review we have concluded, and hold, that the decision of the trial court on the issue of fact as to the mental competency of the defendant Allie Beman was not against the weight of the evidence.

We shall not indulge in a detailed analysis of the evidence from the standpoint of the tests applicable. Such an analysis would lengthen this opinion to demonstrate the sufficiency of the evidence, determined by tests under which defendants do not say it is insufficient.

The plaintiff asserts that the pleading of the defendants was inadequate to present the defense which the trial court permitted them to present under it. The error, if any, was favorable to the defendants, who did not prevail either in the trial court or herein on appeal, and will not be here considered.

The defendants also suggest that the consideration for the lease was inadequate. Viewing the transaction as of the time the lease was executed, the evidence does not support this view. This point is without substantial merit in establishing reversible error, either as an aid to the plea of mental incompetency or as an independent defense. Notice Liles v. Bigpond, 190 Okla. 112, 121 P. 2d 596.

The judgment of the trial court is affirmed.

CORN, V. C. J., and OSBORN, BAYLESS, GIBSON, and ARNOLD, JJ., concur. WELCH, C. J., concurs in conclusion. RILEY and HURST, JJ., absent.