**OWENS v. CRAWFORD.**

No. 35922.

Supreme Court of Oklahoma.

Feb. 16, 1954.

Rehearing Denied April 27, 1954.

Claude Hendon, Scott Hendon, Hendon & Hendon, Shawnee, for plaintiff in error.

Bill Biggers, Wewoka, Dick Bell, Seminole, for defendant in error.

ARNOLD, Justice.

Plaintiff Ray Burns in his lifetime brought this action in the Superior Court of Seminole County against Fred Owens and Oma Lee Owens alleging that he was the owner in fee simple of certain specifically described real estate by reason of a sheriff's deed in partition executed and delivered to him on April 23, 1951, in pursuance of an order of the District Court of Seminole County in an action pending therein approving and confirming sale of said real estate to plaintiff; that he was entitled to immediate possession of said property and prayed judgment against defendants for such possession. Plaintiff was unable to obtain service on defendants and made service by publication. Defendant Oma Lee Owens filed her disclaimer. Plaintiff died and the cause was revived in the name of the administrator of his estate. Defendant Fred Owens filed a motion to quash summons which was overruled by the court. Defendant Fred Owens, having become in default, was allowed to file his answer out of time, in which he objected to the jurisdiction of the court, generally denied all the allegations of plaintiff's petition, admitted that plaintiff obtained the sheriff's deed in partition but alleged that he took said deed in trust for defendant under an oral agreement with defendant that plaintiff would furnish the money, buy the property in his name and hold the legal title as security for the purchase price to be transferred to defendant upon defendant paying plaintiff the purchase price of the property plus legal interest, and that under said oral agreement defendant was the equitable owner of the premises, was in possession thereof, and entitled to remain in possession. Plaintiff filed reply denying all of defendant's allegations and specifically denying that he bought the property in trust for defendant. When the case came on for trial on August 14, 1952, defendant demanded a jury trial

which was denied by the court and exceptions given defendant.

At the close of all the evidence the court rendered judgment in favor of plaintiff for possession of the premises. Defendant duly filed motion for new trial alleging error of the court, among other things, in refusing him a jury trial, and objecting to the jurisdiction of the court. This was overruled by the court and defendant gave notice of appeal; the court fixed supersedeas bond and stayed execution pending appeal.

On December 17, 1952, defendant filed an application for restoration of property, restraining order, and injunction, alleging that on November 28, 1952, plaintiff administrator took possession of said property by force in disregard of the court's order staying execution pending appeal and was removing certain buildings from the premises and prayed that plaintiff be ordered to restore all such property to the premises, to surrender the premises to defendant, and to restrain plaintiff from interfering with defendant's possession during the pendency of the appeal. Upon hearing of this application, plaintiff asked the court to set aside the judgment theretofore rendered in the case and allow him to dismiss the cause without prejudice. Defendant objected to any such action unless he was restored to possession of the property. Before passing on these matters the court required evidence on how plaintiff got possession of the property. It was thereupon stipulated that there was an action pending in the District Court of Seminole County, styled Newman Lena, et al. v. Fred Owens, et al., in which judgment was entered ordering the property in question to be partitioned; that the property was sold at partition sale on April 23, 1951, to plaintiff administrator's decedent, Ray Burns, the sale confirmed and sheriff's deed issued, but Burns was not put in possession of the property; that on November 26, 1952, the plaintiffs in the District Court action, Newman Lena, et al., made application to the District Judge for a writ of assistance; that upon hearing the District Judge issued to said Newman Lena, et al. (none of whom are parties to the instant suit) a writ of assistance directing the sheriff to place Ray Burns or his adminis-

trator in possession of the property; that the sheriff executed the writ putting the plaintiff administrator in possession of the property on November 28, 1952; copies of the order of the District Court granting the writ and the writ together with the sheriff's return thereon were introduced in evidence; that the application to the District Court, the issuance of the order by the District Judge, and the writ of assistance thereunder were all made without notice to defendant Fred Owens. The court then denied defendant's application on the ground that it had no authority to set aside an order of the District Court, granted plaintiff's motion to set aside the judgment theretofore rendered in the instant case and dismissed same without prejudice upon payment of the costs by plaintiff. Defendant excepted to all these rulings of the court and duly perfected this appeal therefrom.

 Defendant contends that the court erred in refusing his demand for a jury trial in the ejectment action and that the judgment is not sustained by the evidence. Plaintiff admits that defendant was entitled to a jury trial, citing Maroney v. Tannehill, 90 Okl. 224, 215 P. 938. The action of the Superior Court, therefore, in vacating its judgment theretofore rendered in the ejectment action was proper, and defendant's first two propositions are moot. However, defendant further contends that the court erred in allowing plaintiff to dismiss the ejectment action until defendant was restored to possession of the property and placed in status quo. To do this, as the Superior Judge pointed out, would have entailed overriding the order of the District Court placing plaintiff in possession of the property. The Superior Court has no authority over the District Court. Defendant should seek vacation of the writ of assistance placing plaintiff in possession of the property in the court out of which it issued, not in a court of concurrent jurisdiction.

Whether the writ of assistance issued by the District Court was proper is not before us in this case. That question could only arise in a proper appeal of the District Court action.

The action of the Superior Court in vacating its judgment and dismissing the ejectment action is hereby affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and WILLIAMS and BLACKBIRD, JJ., concur.

O'NEAL, J., dissents.