Earl WARD, C. D. Mitchell, and Baylis L. Graham, co-administrators of the estate of William A. Graham, deceased, Plaintiffs in Error,

v.

R. J. LINDLY, Defendant in Error.

No. 36631.

Supreme Court of Oklahoma.

Dec. 20, 1955.

Rehearing Denied Jan. 11, 1956.

Application for Leave to File Second Petition for Rehearing Denied March 6, 1956.

Conner, Winters, Randolph & Ballaine, Tulsa, Wilkerson & Wilkerson, Lincoln Battenfield, Harve N. Langley, Pryor, Earl

M. Knight, Tulsa, Creekmore Wallace, Pryor, Thomas A. Wallace, Tulsa, for plaintiffs in error.

Riley Q. Hunt, Jay, for defendant in error.

DAVISON, Justice.

This suit was instituted by the plaintiff, R. J. Lindly, against the defendants, Earl Ward, Baylis Graham and C. D. Mitchell, administrators with will annexed of the estate of W. A. Graham, deceased, for the purpose of canceling a deed, quieting plaintiff's title, gaining possession, and recovering rental, on a certain lot in the town of Prior Creek, Oklahoma. The parties will be referred to as they appeared in the trial court.

On October 23, 1941, Nan Bledsoe executed a warranty deed covering said lot to W. A. Graham, who paid $1,000 therefor and immediately went into possession of the same. On April 28, 1949, the said Nan Bledsoe died in the Eastern Oklahoma Hospital at Vinita, Oklahoma. By decree of the proper county court, the plaintiff herein, her grandson, was adjudged to be her sole and only heir. Subsequently, Mr. Graham died and the defendants herein were duly appointed administrators with will annexed of his estate. On September 26, 1952, plaintiff brought this suit seeking to vacate said deed because of incapacity of the grantor, inadequate consideration and fraud. Plaintiff further prayed that he be restored the possession of the premises and that he have judgment for the rental value thereof for the years 1952-1954 inclusive. Over the objections of the defendants, the case was tried to the court without the intervention of a jury. On January 14, 1954, judgment was rendered for plaintiff, canceling the deed involved and decreeing that he was entitled to the immediate possession of the property. From that judgment, defendants have perfected this appeal.

■ The first question with which we are confronted is whether or not the trial court erred in denying defendants' request for trial by jury. The defendants insist that they were entitled to a jury trial, citing the cases of Grace v. Hildebrandt, 110 Okl.

181, 237 P. 98; Yargee v. McMillan, 129 Okl. 48, 262 P. 682; Eckroat v. Landrum, 205 Okl. 119, 235 P.2d 705; and Owens v. Crawford, Okl., 269 P.2d 356. The cited cases hold that, if the action is primarily for the recovery of specific real property, either party is entitled to a jury trial.

The plaintiff insists that neither party was entitled to a jury trial, citing the cases of Travis v. McCully, 186 Okl. 378, 98 P.2d 595; Howard v. Stanolind Oil and Gas Co., 197 Okl. 269, 169 P.2d 737; and Harris v. Davis, 170 Okl. 35, 38 P.2d 562. These cited cases hold that, if the paramount issue involved was one of equitable cognizance, there was no right to a jury trial.

The two rules are not in conflict but, rather, are in complete harmony, although there seems to be some uncertainty as to which one is applicable to each particular case. That is brought about by the fact that the statute, 12 O.S.1951 § 1141, authorizes the joinder of a purely legal action, in the nature of ejectment, with a suit to quiet title which is purely of equitable cognizance. Such joinder was not permitted at common law. The uncertainty has not been lessened by the opinions on the question because none of them have pointed out any hard and fast rule of distinction between the two categories. It is of little benefit to say that the relief (whether legal or equitable) which is primarily sought by the parties constitutes the determining factor. The distinction between the two classes of cases and the accurate method of cataloging them, need not be clouded or complicated. If the party seeking possession can establish a title without any preliminary action of the equity court the action is one primarily in ejectment, triable to a jury. If, on the other hand some action of the equity court is necessary before the party can establish a title sufficient to justify an award of possession, the cause is primarily of equitable cognizance and is triable to the court. The cited cases above and others dealing with the same question can be definitely distinguished by the application of the method.

In the case at bar, plaintiff was not entitled to possession of the premises until

after title had been established in him by the cancellation of the deed of Nan Bledsoe. Therefore, it was triable to the court and defendants were not entitled to a jury trial.

 .The next proposition presented by defendants was that the action was barred by the statute of limitations. Although the petition contained an allegation of fraud, the action was founded upon, and all evidence went to, the question of capacity of the grantor. In his opening statement, plaintiff's attorney stated, "The question being entirely the competence of the person executing the deed." The judgment found that the grantor was "a person entirely without understanding and incapable, through lack of mental capacity and understanding of the nature and probable consequences of her acts to execute a warranty deed, and that the purported warranty deed * * * is null and void and of no force and effect."

Under such circumstances the statute of limitations of actions for fraud has no application. This court held, in the case of Burckhalter v. Vann, 59 Okl. 114, 157 P. 1148, that,

> "In an action to cancel a void conveyance of land, the plaintiff is not barred by any lapse of time short of that sufficient to establish title by prescription, as fixed by subdivision 4, [12 O.S.1951 § 93]."

The same conclusion was reached in other subsequent cases, the most recent being Pearson v. Hasty, 192 Okl. 425, 137 P.2d 545, 147 A.L.R. 232. Some of the cases in the interim were conflicting as to the time when the statute began to run but that question has no bearing herein.

 Finally, defendants contend that the evidence is insufficient to sustain the judgment. This contention is without merit. The evidence, as disclosed by the record, is in sharp conflict. The witnesses for plaintiff, being, for the most part, relatives and long time friends of the grantor, Nan Bledsoe, testified to the death of Mrs. Bledsoe's daughter in 1924 and the death of her husband in 1938, detailing the loss of her mental capacity following each death. They also testified that, from a time prior to the execution of the deed, she would not recognize close friends and members of her family; that she would get lost going to her home; that she changed from a tidy housewife to living in filth; that she had no realization of what she did or the significance of her acts.

On the other hand, the witnesses for defendants testified to her handling of small business matters in the bank and as to her mental capacity being about normal.

This court has always adhered to the rule that, in a case of equitable cognizance, the judgment of the trial court will not be disturbed on appeal because of insufficiency of the evidence where it is not against the clear weight thereof. The judgment in the present case is not against the clear weight of the evidence.

The judgment is affirmed.