The New York Life Insurance Company, Appellant, *v.* The Universal Life Insurance Company et al., Respondents.

A policy of life insurance is not an " evidence of debt for the absolute payment of money upon demand or at a particular time " within the meaning of the provision of the Code of Civil Procedure (§ 1778), declaring that in an action against a corporation upon such an obligation, unless defendant serves with its " answer or demurrer a copy of an order of a judge directing that the issues presented by the pleadings be tried, the plaintiff

may take judgment as in case of default," etc.; and this although the policy has become due by the death of the insured.

The provision applies only to instruments which admit on their face an existing debt payable absolutely.

*Studwell* v. *C. O. Ins. Co.* (19 Hun, 127), overruled.

(Argued March 14, 1882; decided March 21, 1882.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, entered upon an order made January 10, 1882, which affirmed an order of Special Term setting aside a judgment herein.

The material facts appear in the opinion.

*Wm. B. Hornblower* for appellant. Plaintiff's attorneys did not waive the irregularity of a failure to serve a copy of the order directing the issues presented to be tried by admitting due service of the answer. (4 Wait's Pr. 623; *Tallman* v. *Barnes*, 12 Wend. 227; *People, ex rel. Crandall*, v. *Babcock*, How. Pr. 3; *Struver* v. *Ocean Ins. Co.*, 9 Abb. Pr. 23; *Waring* v. *Senior*, 48 How. 226; *McGown* v. *Leavenworth*, 2 E. D. Smith, 24; 2 Wait's Pr. 498; General Rule of Court, Rule 19.) This is an action founded upon an evidence of debt for the absolute payment of money. (*Studwell* v. *Charter Oak Ins. Co.*, 19 Hun, 127; *Tyler* v. *Ætna F. Ins. Co.*, 2 Wend. 280.) The provision of the Code is constitutional. (Laws of 1825, chap. 325, p. 448; Cooley's Const. Lim. [4th ed.] 441; *Davidson* v. *New Orleans*, 96 U. S. 97; Sedgwick on Statutory Construction [2d ed.], 209, 212, 365; *Taylor* v. *Delancy*, 2 Cai. Cas. in Error, 143; *Case of Yates*, 4 Johns. 359; *Thereut* v. *Hart*, 2 Hill, 380; *In re Brown*, 21 Wend. 316; *Douglas* v. *Howland*, 24 id. 46–48; *Croswell* v. *Crane*, 7 Barb. 191; *Elwood* v. *Klock*, 13 id. 50; *Dominick* v. *Michael*, 4 Sandf. 409; 2 Throop's Annotated Code, 135; *Hunt* v. *Lucas*, 99 Mass. 404; *Wynehamer* v. *People*, 13 N. Y. 378, 427, 458; *Matter of Empire City B'k*, 18 id. 199; *Sands* v. *Kimbark*, 27 id. 147; *In re Crosby* v. *Day*, 81 id. 242.)

*Leslie W. Russell*, attorney-general. If verified, the

court has no power to strike out an answer even though it be sham. (*Wayland* v. *Tysin*, 45 N. Y. 281–284.) At most, the failure to serve a copy of the order was a mere irregularity which it was perfectly competent for the plaintiff to waive. (4 Wait's Pr. 634.) The case is not one where judgment could be entered without application to the court. (2 Wend. 280; Code of Civil Procedure, § 420.)

*C. J. Everett* for respondent Wendell. Plaintiff waived service of the order directing a trial of the issues by admitting due service of the answer. (*Barry* v. *Mut. Ins. Co.*, 53 N. Y. 540; *Platz* v. *City of Cohoes*, 8 Abb. N. C. 398, 399.) Section 1778 of the Code of Civil Procedure is unconstitutional. (*Wayland* v. *Tysen*, 45 N. Y. 281; *Thompson* v. *Erie R. R. Co.*, id. 468; *Mayor* v. *James*, 17 Hun, 588; *Thompson* v. *Griswold*, 1 Week. Dig. 180; *Law* v. *Maker*, 9 id. 38; *Farmers' B'k* v. *Leland*, 50 N. Y. 673; *Fellows* v. *Muller*, 48 How. Pr. 82; *Roby* v. *Hallock*, 55 id. 412; *Grocers' B'k* v. *O'Rorke*, 6 Hun, 18; *Barnes* v. *West*, 16 id. 68; R. S., part 3, chap. 8, title 4, art. 1, § 8.) There is no warrant whatever for striking out a counter-claim. (*Fettrech* v. *McKay*, 47 N. Y. 426; *Webb* v. *Foster*, 45 Sup. Ct. 311.) The alleged contract in this case is not an " evidence of debt," nor is it for the " absolute payment" of money, and does not come within section 1778. (*Anonymous*, 6 Cow. 41; *Tyler* v. *Ætna, etc., Co.*, 2 Wend. 281; R. S., part 1, chap. 18, title 2, art. 3, § 58; Daniels on Negotiable Instruments, §§ 27, 41.) No judgment by default is permissible when the complaint does not state a cause of action. (*Gilbert* v. *Round*, 14 How. Pr. 46, 51; *Van Alstyne* v. *Friday*, 41 N. Y. 174, 178, 179; *Coffin* v. *Reynolds*, 37 id. 640; *Kane* v. *Demarest*, 13 How. Pr. 465.)

FINCH, J. The plaintiff brought an action against the defendant company, before it passed into the hands of a receiver, to recover upon a policy which it had issued upon the life of one William T. Cordner. On the last day for the service of

an answer, such service was made upon plaintiff's attorneys and an admission of "due service" given by them. On the next day, at about two o'clock, this answer was returned to defendants' attorneys, with a notice that such return was made, because no order of a judge directing trial of the issues raised had been served with it as required by section 1778 of the Code, and that the admission of service had been given inadvertently. At about the same time, or very soon thereafter, the plaintiff entered judgment by default, which was afterward vacated by the Special Term, and such order affirmed on appeal by the General Term. The argument to sustain the affirmance presents numerous and important questions, but the conclusion we have formed as to one will render a discussion of the rest unnecessary.

We are of opinion that the service of the answer without an order of a judge was good, and that the provisions of section 1778 of the Code did not apply to the action brought. That section provides for such order " in an action against a foreign or domestic corporation to recover damages for the non-payment of a promissory note or other evidence of debt for the absolute payment of money upon demand or at a particular time." The provision is not new or original with the Code. It appeared first in 1825 as part of an act to prevent fraudulent bankruptcies by incorporated companies, and provided that in every suit against such company " upon any contract, note, or other evidence of debt," judgment should be given on the return day, unless it should appear to the court by affidavit that the corporation had a good and substantial defense on the merits. (Laws of 1825, chap. 325, § 4.) The scope and application of this provision was indicated by the Supreme Court a few years later. (*Anonymous*, 6 Cow. 41.) It was held that a policy of insurance issued by an incorporated insurance company was not a contract, note or other evidence of debt within the meaning of the statute, and that the provision applied only to an action upon some instrument which is, in itself, evidence of debt, as a note, bond or bill of exchange. The same construction was again asserted in 1829. (*Tyler* v. *The Ætna Fire*

*Ins. Co.*, 2 Wend. 280.)    The provision was then incorporated in the Revised Statutes with a change of phrase plainly intended to accord more clearly with the interpretation of the court.    (2 R. S. 458, §§ 8 and 9.)    The word "contract" was omitted and the expression "for the absolute payment of money on demand, or at any particular time," inserted, and these amendments of the original language have been preserved in the Code.    It is now said and has been held by the General Term in the first department that an action upon a policy of life insurance which has matured and become due by the happening of the contingency upon which it was payable is an evidence of debt for the absolute payment of money within the meaning of the Code.    (*Studwell* v. *Charter Oak Ins. Co.*, 19 Hun, 127.)    But there is a distinction between an instrument which recognizes on its face the existence of a debt which it promises to pay absolutely and at a particular time, and one which acknowledges no existing debt but agrees that in certain contingencies and upon the fulfillment of certain conditions one shall arise in the future.    The difference is between a debt admitted and payable absolutely, and one which may grow out of the happening of a contingency and the due performance of conditions.    It is true that the liability upon a fire insurance policy depends upon a contingency that may never happen since no loss may occur, while in a life policy the death of the insured is certain to occur at some time ; and it is also true that in the latter case the amount payable is fixed and definite, while in the former the damages depend upon the actual loss.    And yet the instrument is not one which, on its face and in and by itself, is an evidence of debt absolutely payable, and its original and inherent character is not changed by the after occurrence of a contingency or performance of conditions.    By its own terms it is payable not absolutely, but conditionally. It admits no existing debt, but agrees that one may arise if certain specified conditions are performed.    It is none the less a conditional contract, although ultimately there may grow out of it an absolute liability.    Taking into view the history of the provision in the Code, the decisions upon it in its original form,

and the later changes of its language, we think it is to be confined strictly to actions upon instruments which admit on their face an existing debt payable absolutely, and not to a contract of life insurance payable only upon certain specified conditions.

For this reason the order of the General Term was right and it should be affirmed, with costs.

All concur, except ANDREWS, Ch. J., absent.

Order affirmed.