Court of Common Pleas of Franklin County.

GEORGE ABLES V. BANKERS INDEMNITY INSURANCE COMPANY.

Decided, 1928.

C. L. *Spicer*, for plaintiff.
Don *Hamilton*, for defendant.

KINKEAD, J.

Defendant issued a policy of insurance to plaintiff; it is an undertaking to cover loss by disability from bodily injury by accidental means. The action is to recover the sum of $100 per month for total disability and $50 per month for partial disability during the period of the loss. Judgment for $250 is asked.

Motion is made to require a copy of the insurance policy

to be attached to the petition, which is the preliminary question raised. The problem may be solved only on consideration of the provisions of the Code and the requirements of Sections 11,333, 11,334 and 11,554 of the Code.

Section 11,333 has relation to an action, counter claim or set off founded upon an account or on a written instrument as evidence of indebtedness, and provides that a copy of such instrument shall be attached to the pleading.

Section 11,334 has relation to an action, counter claim or set off founded upon an account or other instrument for the unconditional payment of money only and provides for a short form of pleading by pleading upon a copy of the account or instrument alone without other allegations, except that there is due on such account or instrument a specified sum with interest.

These sections were originally Sections 117 and 122 respectively and were enacted in 1852 at the first session of the General Assembly after the adoption of the constitution of 1851. Ohio Laws, Vol. 51, pages 75 and 76.

In their original form these sections read as follows:
Section 117:

"If the action, counter claim, or set off be founded on an account, or on a note, bill, or other written instrument, as evidence of indebtedness, a copy thereof must be attached to and filed with the pleading."

Section 122:

"In an action, counter claim, or set off founded upon an account, promissory note, bill of exchange or other instrument for the unconditional payment of money only, it shall be sufficient for a party to give a copy of the account or instrument, with all claims and indorsements thereon, and to state that there is due him on such account or instrument from the adverse party a specified sum which he claims with interest."

It is to be observed that Section 11,333 contains the words—"action, counter claim, or set off founded on an account or on a written instrument as evidence of indebtedness, etc.," and Section 11,334 contains the words "action, counter claim, or set off founded on an account, count, or an instrument for the unconditional payment of money only, etc."; while the original Section 117 reads—

"action, counter-claim, or set-off founded on an account, or on a *note, bill,* or *other* written instrument, as evidence of indebtedness, etc.," and Section 122 reads—"action, counter claim or set off founded upon an account, *promissory note, bill of exchange* or *other* instrument for the unconditional payment of money only, etc."

We have italicized the words contained in the original sections which are not in the present sections. The Codifiers have omitted these words from Sections 11,333 and 11,334 and in so doing have somewhat obscured their meaning. Reference to the original sections, therefore, will aid in the interpretation of these sections in their present form and will assist us in determining the mind and purpose of the legislators in the original enactment of these sections. A careful examination of these original sections and comparison with the present sections leads strongly to the inference that "accounts, bills and notes," were intended to fix the class of instruments included under these sections, although this may not be conclusive.

In connection with the foregoing sections, it is necessary to consider Section 11,554 G. C. which was originally Section 361 and enacted at the same time as Sections 117 and 122.

Section 361 in its original form reads:

"Either party or his attorney, if required, shall deliver to the other party or his attorney a copy of any deed, instrument or other writing whereon the action or defense is founded, or which he intends to offer in evidence at the trial. * * * This section shall not apply to any paper a copy of which is filed with a pleading as provided in Section 117."

It will be seen that this section in its original form was substantially the same as it is now in Section 11,554, except that it formerly contained the word *deed,* and expressly excepted papers embraced under Section 117.

This is interesting for two reasons, first, because the old common law doctrine or Oyer originally applied solely to deeds, and it would seem, therefore, that this section was intended as a substitute for Oyer under the Code, and not Section 11,333 as some authors on pleading seem to hold. Second, by excepting papers embraced under Section 117,

it conclusively shows that there are instruments on which an action or defense is founded which do not come under Section 117 or Section 11,333. This narrows our question.

It is not enough then that the action be founded on a written instrument to bring it within the provision of Section 11,333; it must also be an instrument that is *evidence of indebtedness* or for the *unconditional payment of money only.*

Our problem then is, what instruments are *evidence of indebtedness,* or for the *unconditional payment of money?*

We may eliminate the latter for, I believe, it is generally conceded that instruments for the unconditional payment of money only are such instruments as accounts, notes and bills of exchange. We may confine ourselves then to the sole question—what is *evidence of indebtedness?*

In *New York Life Insurance Company* v. *Universal Life Insurance Company,* 88 N. Y., 424, it was held, under a statute containing the words—"contract, note, or evidence of debt,"—that these words "applied only to an instrument which is in itself evidence of debt, as a note, bond or bill of exchange," and that a policy of insurance was not such an instrument.

In the above case the court held, and it was afterwards declared by the legislature of New York that "evidence of debt" means an instrument for the absolute payment of money on demand or at a particular time and that an insurance policy is not such evidence of debt, but by its own terms is payable not absolutely, but conditionally. It admits no existing debt but agrees that one may arise if certain specified conditions are performed. It is a conditional contract, although ultimately there may grow out of it an absolute liability. Evidence of debt relates to instruments which admit on their face an existing debt payable absolutely, and not to a contract of insurance payable only upon certain specified conditions.

Reference is also made to *McKee* v. *Metropolitan Life Insurance Company,* 25 Hun. (N. Y.), 583, which holds that a life insurance policy—"is evidence of no debt in itself, it is a conditional contract." This view is sustained by the decisions of Ohio in *Woodbridge* v. *Brophy,* 2 O. D. (reprint), 279, 2 West. Law Monthly, 274, which was

rendered in 1860 soon after the enactment of 117 (11,333 G. C.).

The court says:

"If it comes within Section 117, it must be because it is a written instrument as evidence of indebtedness. It is not enough that the action is founded on a written instrument. Section 361 points out the proceedings necessary to be taken when a party desires a copy of a deed, instrument, or other writing, which his adversary intends to offer in evidence on the trial of the action. There are cases then to which Section 117 does not apply. An action or counterclaim may be founded on a written instrument and yet the party not be required to file a copy of it with the petition or answer."

"It must be such a written instrument as contains an absolute promise to pay a sum certain and at a fixed time. It must be essentially of the nature of a note or bill where the only averment necessary to give a right to recover, after setting out the written instrument, is an averment that the money has not been paid. It must state a sum to be paid, and the time when to be paid. It must be a written instrument for the unconditional payment of money, to use the language contained in Section 122."

It is apparent that the court in this case made no distinction between Section 117 and Section 122, or as they are now numbered, Section 11,333 and Section 11,334, holding that an instrument that is evidence of indebtedness is an instrument for the unconditional payment of money only.

This view also seems to be supported by the Supreme Court in State v. Collins et al., 82 O. S., 240, in which the court referring to surety bonds held:

"These instruments not being for the unconditional payment of money only nor evidence of indebtedness existing at the time of their execution are not within the provisions of Sections 5085 and 5086."

Sections 5085 and 5086 are now Sections 11,333 and 11,334 G. C.

In view of the foregoing, the court holds that Section 11,333 G. C. does not require the attachment of a copy of an insurance policy to a pleading, and defendant's motion on this question is, therefore, overruled.

Said motion is also overruled as to all other matters contained therein.