KRUMME v. WALKER et al.

No. 32300.   April 8, 1947.

Rehearing Denied June 17, 1947.

*181 P. 2d 835.*

C. J. Davenport, of Sapulpa, and Earl

Foster, of Oklahoma City, for plaintiff in error.

Logan Stephenson, F. C. Swindell, and Q. M. Dickason, all of Tulsa, and C. W. Clift, of Oklahoma City, for defendant in error.

DAVISON, V.C.J. This is an action for specific performance of an alleged oral contract brought in the district court of Oklahoma county against the defendant Krumme, a resident of Creek county, and Southwestern Cotton Oil Company, a corporation, having its office and place of business in Oklahoma county. From a judgment for plaintiff, the defendant Krumme appeals.

The case was tried upon plaintiff's second amended petition, which alleged the residence of the parties as above set out and that for several years prior to 1939, Krumme had been the lessee of real estate of plaintiff under a written lease, by the terms of which he agreed to carry insurance for the benefit of plaintiff on the cotton gin on the premises, or to indemnify plaintiff if the same was destroyed. That the gin was destroyed by fire, October 10, 1938. That Krumme rented the premises for the year 1939 upon the same terms and conditions contained in the written lease, and about May 9, 1939, "by reason of the liability of the defendant, R. A. Krumme, to the plaintiff for the loss of the gin building on the premises in 1939, and in order for the defendant, R. A. Krumme, to have use of the gin during the fall of 1939, and in order that said gin might be replaced," the parties agreed that certain machinery selected by both would be purchased from the defendant company, and the purchase price paid by two notes of $2,258 and $2,000, respectively, executed by plaintiff and secured by mortgage. That Krumme would pay the $2,000 note by the delivery of cottonseed of that value to the company, to whom such agreement was satisfactory. That Krumme had delivered said cottonseed of the value of $1,922.81 on March 18, 1940, at which time plaintiff paid the entire remaining balance on the two notes and demanded the application by the company of the above amount thereon, and the cancellation and return of said notes. This the company refused to do because of instructions from Krumme. Plaintiff prayed for an order directing such application and the cancellation and return of the notes and release of the mortgage.

Krumme, at each stage of the proceeding, objected to the jurisdiction of the court, and his answer was a verified general denial and specific denial of execution of the written contract referred to in the petition. The answer of the company was to the effect that it was the stakeholder of the $1,922.81, which was sufficient to pay the entire balance on both notes. That the dispute was between Walker and Krumme, and praying that the court direct it as to the application of said fund.

The various objections of Krumme to the jurisdiction of the court were overruled and the case tried to the court, resulting in a judgment for planitiff.

Appellant relies upon three principal propositions for reversal: (1) want of jurisdiction of the trial court, (2) lack of consideration for the execution of the alleged oral contract, and (3) error in the admission and rejection of testimony.

Defendant's first proposition is founded upon the provisions of 12 O.S. 1941 §139 in that the action was transitory and brought in a county other than that of his residence and place of service of summons, and that the defendant company was not such an adversary of plaintiff as to bring the case within the exception to the rule requiring the suit to be brought in the county where he lived or could be served. The statute provides:

"Every other action must be brought in the county in which the defendant or some one of the defendants resides or may be summoned; . . ."

The first and most important question confronting us is whether or not, under the above statutory provision, this action could be maintained in Oklahoma county against the defendant Krumme, who resided, and was served with summons, in Creek county. Defendant contends that the facts are analogous to the situation in Grady v. Rice et al., 98 Okla. 166, 224 P. 321, wherein we said:

"Before a summons can be rightly issued from one county to another, the person served with the summons in the county in which the action is brought must have a real and substantial interest in the subject of the action adverse to the plaintiff, and against whom some substantial result may be obtained; and the action must be rightfully brought in the county in which it is brought, and as against the person served with the summons in such county."

The position, then, occupied by the defendant company determines the jurisdiction of the lower court. The California court, in Hellman et al. v. Logan et al., 148 Cal. 58, 82 P. 848, describes the manner of arriving at a correct conclusion:

". . . The test is to be made by ascertaining who are necessary parties to the action as it is set forth in the complaint, and what parties are necessary in order to enable the plaintiffs to obtain all the relief which is properly included in the prayer for relief made therein . . . If one of the parties who are thus made necessary resides in the county in which the action is begun, the action is properly begun and may be properly tried in that county, although the other and principal defendant resides in another county. . . ."

The only method by which an effective judgment could be arrived at, in the instant case, so that the court could command the company defendant to make proper application of the money in its hands and cancel the notes and release the mortgage was by making it a party to the suit. The notes, the mortgage and the money were in its possession.

In Little Nick Oil Co. v. District Judge of Tulsa County, 182 Okla. 94, 76 P. 2d 379, we were considering a case very similar to the present one. That suit was brought by the assignee of an oil and gas lease against the escrow agent holding the assignment, and the lessor, residents of different counties, in the county of the depository's residence. The nonresident defendant filed an original action in this court to prohibit further proceedings because the trial court did not have jurisdiction for two reasons: that the lease assignment covered lands in another county; and the nonresidence of the applicant. We stated the rule as follows:

"Where the grantor or obligor in an instrument in escrow asserts rights thereto adverse to the grantee's right to delivery, said grantor or obligor may be made a party and his claims adjudicated in an action by the grantee against the depositary to compel delivery of the instrument."

At the trial plaintiff did not attempt to prove the execution of the written contract for lease of the premises for previous years. Defendant contends that because of this, no consideration for the execution of the oral contract sued upon was proven. This is an affirmative defense not set up in the answer and, in addition, plaintiff proved the other allegations of consideration in the petition as above quoted. Satisfaction of defendant's alleged liability under the terms of the written contract because of the loss of the gin by fire was merely a part of the consideration for the oral contract. At the time defendant rented the property for the year 1939, no gin was there for his use that fall. It often happens that a landlord agrees to build and let lessee use a structure on the leased premises, in return for lessee's payment of a part of the expense incurred. The allegations and proof show that such was the situation herein.

That plaintiff rebuilt the gin building, and paid for more than 50% of the new machinery for the defendant's use dur-

ing the term of the lease, was sufficient consideration for defendant's agreement to pay $2,000 of the purchase price, irrespective of his liability for the previous destruction of the property.

"Any benefit conferred or agreed to be conferred upon the promisor by any other person, to which the promisor is not lawfully entitled, or any prejudice suffered or agreed to be suffered by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor, is a good consideration for a promise." 15 O.S. 1941 §106.

The appellant also states that the trial court committed error in the reception and rejection of certain evidence. This case was tried without the intervention of a jury. The plaintiff proved his case by substantial, competent evidence. The evidence complained of, to have been erroneously admitted, does not appear to be incompetent. However, if it could be said to be incompetent, it is not ordinarily reversible error where there is competent evidence reasonably tending to support the judgment in a cause tried to the court. Liles v. Bigpond, 190 Okla. 112, 121 P. 2d 596. The court did not commit error in excluding certain testimony offered by defendant pertaining to the customary rental for gin machinery and the number of bales of cotton ginned at the particular gin during the year 1939. This testimony did not tend to prove or disprove the particular issues in the case.

The record discloses that the case was fairly tried, and the judgment of the trial court is not against the clear weight of the evidence, and will therefore not be disturbed.

Judgment affirmed.

HURST, C.J., and RILEY, BAYLESS, WELCH, and ARNOLD, JJ., concur.