Matter of the Appeal of THOMPSON BUILDING COMPANY from an Order of the Board of Equalization of Tulsa County, Oklahoma.

No. 37516.

Supreme Court of Oklahoma.
Sept. 17, 1957.

J. Howard Edmondson, Co. Atty., of Tulsa County, Donald D. Cameron, Asst. Co. Atty., Tulsa, for plaintiff in error.

Marvin T. Johnson, Tulsa, Floyd L. Rheam, Tulsa, for defendant in error.

DAVISON, Justice.

This is an appeal by the Tulsa County Assessor from a judgment of the District Court of Tulsa County, fixing the valuation of an office building in the City of Tulsa, owned by Thompson Building Co. for ad valorem tax purposes for the years, 1952, to 1955, inclusive. The protest and subsequent proceedings in connection with the assessment for each of said years constituted a separate matter on appeal in the District Court but all four of said appeals were consolidated for trial by said court. The parties will be referred to as "assessor" and "taxpayer."

On April 4, 1952, the taxpayer filed a protest, denominated "complaint", with the County Equalization Board, protesting the action of the assessor in raising the assessed valuation of its real property from $448,500 to $510,000 for the year 1952. The protest was heard and except for a minor reduction, was denied by the said equalization board on June 3, 1952. On June 10, 1952, immediately prior to the adjournment of the board, the taxpayer filed written notice of appeal from said decision of the board to the district court. The transcript, prepared and certified by the County Clerk, was filed in the District Court on September 19, 1953.

On May 1, 1953, the taxpayer filed a protest, denominated "complaint" with the County Equalization Board, protesting the action of the assessor in raising the assessed valuation of its real property to $645,610 for the year 1953. The protest was heard and denied by the said equalization board on June 1, 1953. Adjournment was on June 30, 1953. On June 11 of said year the taxpayer filed written notice of appeal from said decision of the board to the district court. The transcript, prepared and certified by the County. Clerk was filed in the District Court on September 19, 1953.

On April 23, 1954, the taxpayer filed a Notice of Protest with the County Equalization Board protesting the action of the assessor in raising the assessed valuation of its real property to $645,610 for the year 1954. The protest was heard and the valuation reduced to $572,240. Written notice of appeal from said decision of the board to the district court was given by the assessor. The transcript prepared and certified by the County Clerk was filed in the District Court on April 6, 1955.

On May 2, 1955, the taxpayer filed a Notice of Protest with the County Equalization Board protesting the action of the assessor in raising the assessed valuation of its real property to $645,610 for the year 1955. The protest was heard and denied by said equalization board on May 26, 1955. Adjournment was on June 10, 1955. On June 3 of said year, the taxpayer filed written notice of appeal from said decision of the board to the District Court. The transcript, prepared and certified by the County Clerk, was filed in the District Court on August 1, 1955.

On August 2, 1955, the assessor filed motions to dismiss appeal from the decision on the 1952, 1953 and 1955 valuations "on the ground that (each) appeal was not filed within ten days after the final adjournment of the Board as provided by statute (68 O.S. § 15.42)." On the same day, the motions to dismiss were overruled and the four cases were consolidated for trial. The cases were tried to the court resulting in judgments fixing the assessed valuation of said realty for ad valorem tax purposes at $493,465 for the years 1952, 1953 and 1954 and at $500,943 for the year 1955, from which the assessor has perfected this appeal.

One proposition here presented is that the trial court erred in admitting certain incompetent evidence prejudicial to the appellant. No authority is cited in support thereof. The matter was tried to the court and, under such circumstances, even if the evidence was inadmissible "it is not ordinarily reversible error where there is competent evidence reasonably tending to support the judgment in a cause tried to the court." Krumme v. Walker, 199 Okl. 6, 181 P.2d 835, 838, citing Liles v. Bigpond, 190 Okl. 112, 121 P.2d 596.

Except that, herein, the assessor does not question the authority of the trial court to consolidate the several cases nor raise any question concerning the time within which a taxpayer may file, with the county equalization board, a protest as to the proposed assessed value of his realty, the remaining questions are substantially the same as those discussed and decided in Matter of National Bank of Commerce of Tulsa, 316 P.2d 175, recently determined by this court. Therefore, omitting syllabi numbers two and three and the discussion relative thereto, the syllabi and opinion in the latter case are hereby adopted as the remaining syllabi and opinion herein, including the opinion and syllabi in the case of Appeal of National Bank of Tulsa, Okl., 312 P.2d 495, therein adopted.

The judgment of the District Court is affirmed.