BLILER ET, PLAINTIFFS, *v.* DECKARD ET, DEFENDANTS.

Common Pleas Court, Stark County.

No. 105235.   Decided February 11, 1963.

*Mr. Arthur P. Underhill*, for plaintiffs.
*Mr. Nicholas G. Caplea*, for defendants.

WEBER, J.   Plaintiffs' action is for money due under a written lease.   Defendants filed a motion to order plaintiffs to attach a copy of the lease to the petition.

Section 2309.31, Revised Code, says:

"When the action or counterclaim is founded on an account or on a written instrument *as evidence of indebtedness,*

a copy thereof must be attached to and filed with the pleading.—."

Section 2309.32, Revised Code, says:

"In an action or counterclaim founded upon an account, or upon an instrument *for the unconditional payment of money only*, it is sufficient—to set forth a copy of the account or instrument,—and to state that there is due to him—."

Section 2309.04, Revised Code, says the petition must contain: "(A) A statement of facts constituting a cause of action in ordinary and concise language."

Hence Sections 2309.31 and 2309.32, Revised Code, are exceptions to Section 2309.04, Revised Code, but all three are *in pari materia*. Section 2317.35, Revised Code, is also important in determining the meaning of Section 2309.31, Revised Code, as hereinafter pointed out.

Gardner's Bates Ohio Civil Practice, Vol. 1, Sec. 9.55, says—"The custom of some pleaders in erroneously attaching all manner of contracts and written documents to pleadings frequently escape objection. They tend to encumber the record." And as said in 43 Ohio Jurisprudence (2d), 122:

"Some courts have deemed Section 2309.31, Revised Code (Section 11333, General Code), to include all instruments on which an action for pecuniary relief is founded, or which contain a promise, conditional or unconditional, to pay a fixed sum, such as an insurance policy—."

"Other courts have taken the view that the statute refers only to instruments for the unconditional payment of money—."

It is to be noted in the citations thereto that most of the later decisions apply the latter of the above two views.

And at page 121, says:

"The distinction between setting forth copies of certain instruments as required in Section 2309.32, Revised Code (Section 11334, General Code), and attaching copies to a pleading in conformity with Section 2309.31, Revised Code (Section 11333, General Code), is obvious and important. In the former case they become incorporated in the petition by an express reference; in the latter they are attached and filed, not as a part of any statements in the petition, but as evidence."

The confusion of the courts apparently is caused by trying to distinguish between the phrases "on a written instrument

as evidence of indebtedness" in Section 2309.31, Revised Code, and "upon an instrument for the unconditional payment of money only," in Section 2309.31, Revised Code.

To absolve this distinction, if there is one, we must look to the history of these sections along with other statutes. The decision in *Ables* v. *Insurance Co.*, 27 O. N. P. (N. S.), 264, is very well reasoned, was written by Judge Kinkead (early author on pleadings), and reads in part as follows:

"These Sections (11333 and 11334, General Code, now Sections 2309.31 and 2309.32, Revised Code), were originally Sections 117 and 122 respectively and were enacted in 1852 at the first session of the General Assembly after the adoption of the constitution of 1851. Ohio Laws, Vol. 51, pages 75 and 76.

"In their original form these sections read as follows: Section 117:

" 'If the action, counter claim, or set off be founded on an account, or on a note, bill, or other written instrument, as evidence of indebtedness, a copy thereof must be attached to and filed with the pleading.'

"Section 122:

" 'In an action, counter claim, or set off founded upon an account, promissory note, bill of exchange or other instrument for the unconditional payment of money only, it shall be sufficient for a party to give a copy of the account or instrument, with all claims and indorsements thereon, and to state that there is due him on such account or instrument from the adverse party a specified sum which he claims with interest.'

"It is to be observed that Section 11333, General Code, contains the words—'action, counter claim, or set off founded on an account or on a written instrument as evidence of indebtedness, etc.,' and Section 11334, General Code, contains the words 'action, counter claim, or set off founded on an account, count, or an instrument for the unconditional payment of money only, etc.'; while the original Section 117 reads—'action, counterclaim, or set-off founded on an account, or on a *note, bill or other* written instrument, as evidence of indebtedness, etc.,' and Section 122 reads "action, counter claim or set off founded upon an account, *promissory note, bill of exchange or other* instrument for the unconditional payment of money only, etc.' "

"We have italicized the words contained in the original sec-

tions which are not in the present sections. The Codifiers have omitted these words from Sections 11333 and 11334, General Code, and in so doing have somewhat obscured their meaning. Reference to the original sections, therefore, will aid in the interpretation of these sections in their present form and will assist us in determining the mind and purpose of the legislators in the original enactment of these sections. A careful examination of these original sections and comparison with the present sections leads strongly to the inference that "accounts, bills and notes," *were intended to fix the class of instruments included under these sections* ("ejusdem generis," 11 Ohio Jurisprudence (2d), 387) although this may not be conclusive.

"In connection with the foregoing sections, it is necessary to consider Section 11554, General Code (Section 2317.35, Revised Code), which was originally Section 361 and enacted at the same time as Sections 117 and 122.

"Section 361 in its original form reads:

"Either party or his attorney, if required, shall deliver to the other party or his attorney a copy of any deed, instrument or other writing whereon the action or defense is founded, or which he intends to offer in evidence at the trial. * * * This section shall not apply to any paper a copy of which is filed with a pleading as provided in Section 117."

"It will be seen that this section in its original form was substantially the same as it is now in Section 11554, General Code, except that it formerly contained the word deed, and expressly excepted papers embraced under Section 117.

"This is interesting for two reasons, *first* because the old common law doctrine of Oyer originally applied solely to deeds, and it would seem, therefore, that *this section was intended as a substitute for Oyer under the Code, and not Section 11333, General Code, as some authors on pleading seem to hold. Second, by excepting papers embraced under Section 117, it conclusively shows that there are instruments on which an action or defense is founded which do not come under Section 117 or Section 11333, General Code.* This narrows our question.

"It is not enough then that the action be founded on a written instrument to bring it within the provision of Section 11333, General Code; it must also be an instrument that is *evidence of indebtedness* or for the *unconditional payment of money only.*

"Our problem then is, what instruments are evidence of indebtedness, or for the unconditional payment of money?

"We may eliminate the latter for, I believe, it is generally conceded that instruments for the unconditional payment of money only are such instruments as accounts, notes and bills of exchange. We may confine ourselves then to the sole question—*what is evidence of indebtedness?*

"In *New York Life Insurance Company* v. *Universal Life Insurance Company*, 88 N. Y., 424, it was held, under a statute containing the words—"contract, note, or *evidence of debt,*"—that these words "*applied only to an instrument which is in itself evidence of debt, as a note, bond or bill of exchange,*" and that a policy of insurance was not such an instrument.

"In the above case the court held, and it was afterwards declared by the legislature of New York that "evidence of debt" means an instrument for the absolute payment of money on demand or at a particular time and that an insurance policy is not such evidence of debt, but by its own terms is payable not absolutely, but conditionally. It admits no existing debt but agrees that one may arise if certain specified conditions are performed. It is a conditional contract, although ultimately there may grow out of it an absolute liability. *Evidence of debt relates to instruments which admit on their face an existing debt payable absolutely,* and not to a contract of insurance payable only upon certain specified conditions.

"Reference is also made to *McKee* v. *Metropolitan Life Insurance Company*, 25 Hun. (N. Y.), 583, which holds that a life insurance policy—"is evidence of no debt in itself, it is a conditional contract." This view is sustained by the decisions of Ohio in *Woodbridge* v. *Brophy*, 2 O. D. (reprint), 279, 2 West. Law Monthly, 274, which was rendered in 1860 soon after the enactment of 117 (Section 11333, General Code).

"The court says:

"If it comes within Section 117, it must be because it is a written instrument as evidence of indebtedness. It is not enough that the action is founded on a written instrument. Section 361 points out the proceedings necessary to be taken when a party desires a copy of a deed, instrument, or other writing, which his adversary intends to offer in evidence on the trial of the action. There are cases then to which Section 117

does not apply. An action or counterclaim may be founded on a written instrument and yet the party not be required to file a copy of it with the petition or answer.''

"*It must be such a written instrument as contains an absolute promise to pay a sum certain and at a fixed time. It must be essentially of the nature of a note or bill* where the only averment necessary to give a right to recover, after setting out the written instrument, is an averment that the money has not been paid. It must state a sum to be paid, and the time when to be paid. *It must be a written instrument for the unconditional payment of money,* to use the language contained in Section 122.''

"It is apparent that the court in this case made no distinction between Section 117 and Section 122, or as they are now numbered, Section 11333 and Section 11334, General Code, holding that an instrument that is evidence of indebtedness is an instrument for the unconditional payment of money only.''

This view also seems to be supported by the Supreme Court in *State* v. *Collins et al*, 82 Ohio St., 240, in which the court referring to surety bonds held:

"These instruments not being for the unconditional payment of money only nor evidence of indebtedness existing at the time of their execution are not within the provisions of Sections 5085 and 5086.''

"Sections 5085 and 5086 are now Section 11333 and 11334, General Code.

"In view of the foregoing, the court holds that Section 11333, General Code, does not require the attachment of a copy of an insurance policy to a pleading, and defendant's motion on this question is, therefore, overruled.''

It is also important to note that both of these Sections 2309.31 and 2309.32, Revised Code, contain the identical phrase "founded on (upon) *an account or,*" thus referring to the same subject matter. Again, Section 2309.32, Revised Code, gives the pleader the option to use the so-called short form of pleading by which the instrument for the unconditional payment of money only must be set out in the petition, or a copy attached and made a part of the petition. And in 27 Ohio St., 421 at page 425, the court says:

"This provision 122 (Section 2309.32, Revised Code), how-

ever, as to pleading, is limited in its operation exclusively to accounts and writings for the unconditional payment of money only. Section 117 (Section 2309.31, Revised Code), includes all these and such other instruments of writing as show them to be *mere evidences* of indebtedness."

What is "mere evidence"? Webster defines the word "mere" as meaning "nothing more or other than," or "only."

Hence, the words "written instrument as evidence of indebtedness" in Section 2309.31, Revised Code, mean and is limited to such writings as only contain evidence of an existing money debt and nothing more or other than such evidence. It is an instrument only for the absolute payment of a money debt existing at the time of the execution of the instrument, and containing an unconditional promise or order to pay a sum certain in money on demand or at a fixed or determinable future time, such as a promissory note, bill of exchange, certificate of deposit, certain bonds and debentures, or the like, for a debt existing at the time of the execution of the instrument.

In 82 Ohio St., 240, an action on an official bond, Syl. 1, says:

"Sections 5085 (Section 2309.31, Revised Code), and 5086 (Section 2309.32, Revised Code), authorize a pleader to attach copies of accounts or of such instruments *only* as are evidence of indebtedness *existing at the time of their execution*, or are instruments for the unconditional payment of money only."

And at page 248.

"These instruments, not being for the unconditional payment of money, *nor evidence of indebtedness existing at the time of their execution*, are not within the provisions of Sections 5085 or 5086, R. S. They unnecessarily encumber the record,"
and cites 1 Handy, 576, and 27 Ohio St., 421. See 24 Ohio App., 73, action on an appeal bond.

In 48 Ohio App., 400, Syl., reads as follows:

"A policy of life insurance is not such an instrument as is contemplated by Section 11333, General Code (Section 2309.31, Revised Code), requiring that when an action is founded upon a written instrument as evidence of indebtedness a copy thereof must be attached to and filed with the pleading."

That court cites 35 Ohio St., 606, where a copy of a fire

insurance policy was unnecessarily attached to the petition, and latter court in turn cites 27 Ohio St., 421.

In 19 Abs. (App.), 428, where the action was on a contract for the purchase of real estate, the court held that such contract was not a written instrument evidencing indebtedness under Section 11333, General Code (Section 2309.31, Revised Code), nor for unconditional payment of money. Accord, 21 N. P. (N. S.), 345, contract for sale of goods.

In 27 Ohio Opinions, 258 (C. P.), where the action was on a leasehold agreement, the court held it was not evidence of indebtedness for the unconditional payment of money only making it necessary to attach a copy.

Motion overruled.

Plaintiff furnish entry.