Warren POWERS and June Powers, Appellants,

v.

Dr. Lowell F. CARSON and Lorene Carson, Appellees.

No. 49302.

Supreme Court of Oklahoma.

July 26, 1977.

Woodson & Gasaway, P.C., by Don E. Gasaway, by Mac D. Finlayson, Legal Intern, Tulsa, for appellants.

Sanders, McElroy & Carpenter, Tulsa, for appellees.

LAVENDER, Vice Chief Justice:

Warren and June Powers, as lessors (lessors), and Dr. Lowell F. and Lorene Carson, as lessees (lessees), executed a lease in Tulsa County covering Tulsa County real property. Lessees vacated the property and moved out of that county. Lessors brought action in Tulsa County against lessees to recover rentals. Out of county service through certified mail had on lessees. Trial court sustained lessees' motion to quash and pleas to venue and jurisdiction. Venue in Tulsa County was based on 12 O.S. 1971, § 142(b).[1] Court of Appeals reversed the trial court and remanded. This court, having heretofore granted certiorari, vacates that decision and affirms the trial court's ruling.

1. Section 142 provides in part:

   "The venue of civil actions for the collection of an open account or for the collection of any note or other instrument of indebtedness shall be, at the option of the plaintiff or plaintiffs, in either of the following:
   "(a) * * *
   "(b) in the county in which the debt was contracted or in which the note or other instrument of indebtedness was given."

2. *Bliler v. Deckard*, 191 N.E.2d 230 (Ohio Com. Pl.1963); and *New York Life Insurance Company v. Universal Life Insurance Company*, 88 N.Y. 424, also cited in *Bliler*.

3. See n. 2, *Bliler, supra.*

Section 142(b) allows venue in actions for the collection of an open account or for the collection of any note or other instrument of indebtedness in the county in which the debt was contracted or in which the note or other instrument of indebtedness was given.

Lessors argue a lease on real property is an "instrument of indebtedness," and suit was properly brought in Tulsa County. Lessees contend the action is improperly brought for a real estate lease is not an "instrument of indebtedness" under § 142(b).

In construing civil procedure statutes that use similar language to "written instrument[s] as evidence of indebtedness," some foreign jurisdictions[2] require that type of instruments to have the distinguishing characteristics of being (1) given for a money debt existing at time of the instrument; and (2) an unconditional promise to pay a sum certain, i. e. a promissory note, bill of exchange, certificate of deposit, certain bonds and debentures. A written lease is not such an instrument.[3] A policy of insurance is not such an instrument.[4] Although not binding on this court, we find these holdings to be persuasive in the present case.

Here, finding "an instrument of indebtedness," as used in § 142, to contain like distinguishing characteristics is bolstered by the statutory construction aid of the rule of "ejusdem generis."[5] Syllabus by the Court

4. See n. 3, *New York Life Insurance Company, supra.*

5. Black's Law Dictionary, 4th ed. rev., p. 608 defines "ejusdem generis" as "of the same kind, class, or nature." This statement is included:

   "In the construction of laws, . . . the 'ejusdem generis rule' is, that where general words follow an enumeration of persons or things, by words of a particular and specific meaning, such general words are not to be construed in their widest extent, but are to be held as applying only to persons or things of the same general kind or class as those specifically mentioned. Black, Interp. of Laws, 141; *Goldsmith v. U. S.*, C.C.A.N.Y., 42 F.2d 133,

in *City of Tulsa v. Clark*, 119 Okl. 122, 249 P. 286 (1926), states:

> "General words following words of particular description are limited in meaning to the scope of the particular words, under the application of the rule 'ejusdem generis,' in considering the meaning of a statute."

In § 142, the general words, "other instrument of indebtedness" followed a word of particular description, "note." These words are limited in meaning to the scope of the particular word. A "note" or instrument of that scope satisfies the characteristics given for an existing debt, and an unconditional promise to pay. A "real estate lease" does not meet these criteria. The debt does not exist at the time the lease is given, but comes only with possession and fulfillment of other conditions, some varying from lease to lease and others imposed by law such as "peaceful enjoyment." A lease is not an unconditional promise to pay.

Legislative history of § 142 reflects its amendment in 1971 wherein "instruments of indebtedness" was substituted for "negotiable instruments." A change of phraseology from that of the original act will raise the presumption that a change of meaning was also intended. *Irwin v. Irwin*, Okl., 433 P.2d 931 (1965). Here the amendment enlarged the type of instrument from a negotiable one to one of indebtedness. The enlargement was limited in scope to an instrument similar to a note.

Suggestion has been made since the word "note" was not included in the title of the amending act, that word cannot be given the effect we give it in the body of the statute itself. Although the title limits the scope of the act, it is not essential that every detail of a legislative act be forecast in its title. *Stewart v. Oklahoma Tax Commission*, 196 Okl. 675, 168 P.2d 125 (1946). Here, the title contained "instruments of indebtedness." The scope of that language is sufficient to encompass "note."

Court of Appeals decision is vacated and the trial court is affirmed.

137; *Aleksich v. Industrial Accident Fund*, 116 Mont. 69 [127], 151 P.2d 1016, 1021. The rule, however, does not necessarily require that the general provision be limited in its scope to the identical things specifically named. * * *."

HODGES, C. J., and DAVISON, IRWIN, BERRY, BARNES, SIMMS, and DOOLIN, JJ. concur.

