Austin MARSH, Petitioner,

v.

The DISTRICT COURT IN AND FOR MUSKOGEE COUNTY, State of Oklahoma, the Honorable William H. Bliss, as the Judge thereof, and the Honorable Lynn Burris, as specially assigned Judge of said court, Respondents.

No. 52130.

Supreme Court of Oklahoma.

May 23, 1978.

E. C. Nelson, Muskogee, Harbison & Coke, Altus, for petitioner.

D. D. Hayes, Bonds, Matthews & Bonds, Muskogee, for respondents.

LAVENDER, Vice Chief Justice:

Albert R. Matthews (Matthews), a resident of Muskogee County, brought suit in the District Court of that county against petitioner, Austin Marsh (Marsh), a resident of Jackson County and a non-resident of Muskogee County. Service of process on Marsh was at his residence in Jackson County. Matthews sought liquidated damages for breach of contract of sale of real property located in McIntosh County.

By special appearance and a plea to venue, Marsh objected to venue in Muskogee County. Thereafter, Matthews, by an

amended petition that incorporated the original petition, made Phoenix Federal Savings and Loan Association (Phoenix) an additional party defendant. Under the contract of sale of the real property, Phoenix was the escrow holder of part of the purchase price. Phoenix is a resident of Muskogee County. The amended petition sought money judgment against Marsh and an order requiring Phoenix to deliver the escrowed money to Matthews. Trial court overruled the plea to venue. Defendant Marsh brings this original action as petitioner and seeks a writ of prohibition to prohibit the trial court from proceeding further in that district court action.

■ This court assumes original jurisdiction under its exercise of a general superintending control over the district court. Okl. Const. Art. 7, § 4. Granting a writ of prohibition is discretionary in the exercise of that supervisory control according to the nature and the circumstances of each particular case. *Rey v. Means, In & For Tulsa Cty.*, Okl., 575 P.2d 116, 118 (1978).

Respondents, through the plaintiff in the district court action, Matthews, contend venue lies under 12 O.S.1971, § 142 or § 139. Petitioner argues lack of venue in Muskogee County through these sections.

Parties agree § 142 allows venue to lie in Muskogee only if the contract of sale of real property is includible in the phrase "for the collection of any note, or other instrument of indebtedness" as used in that section.

Our holding and rationale in *Powers v. Carson*, Okl., 567 P.2d 90 (1977) is controlling. There, an "instrument of indebtedness" for § 142 purposes was limited to a note or an instrument of that scope which satisfies the characteristics of being (1) given for an existing debt, and (2) an unconditional promise to pay. A real estate lease was found not to be such an "instrument of indebtedness."

■ Similarly, the same characteristics are usually lacking in a contract of sale of real property. Normally contained in such a contract are conditions relating to escrow, title, default, and liquidated damages. In present case, like conditions are found in the contract of sale that destroys the necessary characteristics. Section 142 cannot be used as allowing venue to lie in Muskogee County, here.

■ Through the amended petition that incorporates the original petition and for the purpose of this original action, the district court suit is to recover liquidated damages for default of the purchaser under a real estate contract of sale, and to secure the delivery of an escrow account made by the purchaser as required by the contract. There are two defendants: (1) the non-resident and, as alleged, defaulting purchaser, Marsh; and (2) the resident and escrow holder, Phoenix. There is an allegation of Marsh's refusal to release the escrow amount. As alleged, that refusal constitutes an assertion of control and interest in the escrowed money. Though not a necessary party as to the recovery of liquidated damages, Phoenix, as possessor and holder of the escrowed sum, is a necessary party if Matthews is to secure delivery of the escrowed sum under the district court litigation.

■ In *Krumme v. Walker*, 199 Okl. 6, 181 P.2d 835 (1947) on an action for specific performance of an oral contract venue attaches under § 139 where the resident defendant was the stakeholder. Marsh would distinguish *Krumme, supra*, from present case, for, here there is no joint liability of the defendants as to the liquidated damages and as to the whole action. This is not the test under *Krumme, supra*. There, " '(t)he test is to be made by ascertaining who are necessary parties to the action as it is set forth in the complaint, and what parties are necessary in order to enable the plaintiffs to obtain all the relief which is properly included in the prayer for relief made therein.' "[1] Here, *Krumme, supra*, controls

---

1. Opinion at p. 837 quotes in part *Hellman et al. v. Logan et al.*, 148 Cal. 58, 82 P. 848, 849 and reading:

" * * * . The test is to be made by ascertaining who are necessary parties to the action as it is set forth in the complaint, and

and it is possible for venue to attach under § 139.

Though parties requested for this original action not to be decided solely on whether the action was properly brought originally, that contention is raised by Marsh.

■ Prior to the amended petition, the sole defendant was Marsh, the non-resident. No cause of action was stated by the original petition against a resident defendant, for the only defendant was the non-resident, Marsh. Under *Maggi v. Johnson*, 200 Okl. 361, 194 P.2d 854 (1948), the action was not "rightly brought." Nor did the Maggi opinion allow the filing of an amended petition to relate back so as to make good the former service on the non-resident defendant.[2]

We find the district court action by Matthews against the non-resident Marsh was not rightly brought at the time of service on Marsh in the county of his residence and the amended petition, now stating a cause of action against an added resident defendant, cannot relate back. "(A)bsence of venue of the person of non-resident defendants cannot be involuntarily supplied without issuance and service of process under such circumstances."[3]

Writ of prohibition is granted so as to prohibit the respondent judge from proceeding further in the district court action until venue is established under the views of this opinion. To allow respondent trial court to proceed without venue is a useless expenditure of judicial effort.

ORIGINAL JURISDICTION ASSUMED AND WRIT OF PROHIBITION GRANTED.

All of the Justices concur.

what parties are necessary in order to enable the plaintiffs to obtain all the relief which is properly included in the prayer for relief made therein. * * * If one of the parties who are thus made necessary resides in the county in which the action is begun, the action is properly begun and may be properly tried in that county, although the other and principal defendant resides in another county. * * * ."

2. Syllabus by the Court reads:

"The filing of an amended petition stating for the first time a cause of action against the resident defendant and a joint transitory cause of action against all defendants within the time allowed by the court does not relate back and make the former service on non-resident defendants good; absence of venue of the person of non-resident defendants cannot be involuntarily supplied without issuance and service of process under such circumstances."

3. See n. 2, supra.