James E. LANE [Reginald Williams, Bobbie L. Williams, DeWitt B. Rawlings], Petitioner,

v.

Honorable David M. COOK, District Judge of Oklahoma County, State of Oklahoma, Respondent.

Nos. 53311–53313 and 53323.

Supreme Court of Oklahoma.

Oct. 30, 1979.

---

William N. Christian, Idabel, for petitioner.

Eagleton, Nicholson & Pate, Oklahoma City, for real party in interest, Republic Bank.

SIMMS, Justice:

Each of the above named petitioners filed separate applications asking this Court to assume original jurisdiction and grant writs of prohibition preventing Respondent Judge from further proceeding in an action filed in Oklahoma County wherein Petitioners are named defendants in a suit on guaranty agreements. Petitioners predicate their re-

quest for prohibition on lack of proper venue in Oklahoma County because none of them are residents of that county.

The four applications and requests for prohibition were ordered consolidated into the lowest case number for purposes of argument and briefing by prior order of this Court. A single opinion, issued in the surviving numbered case will be dispositive of the four applications and petitions.

The operative facts are that in late 1976, a company known as Southern Fabricators, Ltd., (Southern) executed and delivered to the Republic Bank (Republic) in Oklahoma City a promissory note for $150,000.00, bearing the signatures of Petitioners De-Witt Rawlings, as president of Southern, and Reginald Williams, as secretary-treasurer. Contemporaneously with execution of the Southern note, Rawlins and Reginald Williams signed and delivered to Republic separate personal written absolute, unconditional and continuing[1] guaranty agreements.

Approximately 13 months preceding the date of execution of the note, Petitioners Lane and Robbie Williams had signed and delivered to Republic their separate continuing guaranty agreements assuring payment of Southern's present and future indebtedness to Republic.

The guaranty agreements in the instant case were executed separately from the Southern Fabricators note and made no reference to the specific note upon which default by Southern is claimed. The terms of the guaranty were open-ended and non-specific with respect to the indebtedness of Southern.

Southern defaulted on the note, and was subsequently adjudicated to be bankrupt upon involuntary bankruptcy proceeding initiated by Republic. Republic then sued the four petitioners on their separate guaranty agreements in a single lawsuit. The petition was later amended to make Southern an additional defendant.

---

1. 15 O.S.1971, § 336, defines continuing guaranty as: "a guaranty relating to future liability of the principal, under successive transactions, which either continues his liability or from time to time, renews it after it has been satisfied, is called a continuing guaranty."

Service of summons was had in the following manner: Rawlins by service at his residence in Delaware County; Lane by service at his residence in McCurtain County; and subsequent personal service in Oklahoma County; Reginald and Robbie Williams by service at their residence in McCurtain County; Southern by serving Reginald Williams, the secretary-treasurer of the Company in McCurtain County where the company was physically located and doing business. *Factum* of service is not in issue.

Petitioners contend that their motions to quash and objections to venue should have been sustained by the Respondent because there is no *joint* liability between them and the debtor corporation. Petitioners assert that venue in this action is controlled by that part of 12 O.S.1971, § 139, which states that:

"Every other action must be brought in the county in which the defendant or someone of the defendant's reside or may be summoned . . ."

Petitioners further argue that because of the impossibility of collecting a judgment against the bankrupt corporation, its inclusion as an additional defendant is merely a sham effort to lay venue in Oklahoma County which should have been disregarded by the Respondent.

Republic relies on 12 O.S.1971, § 142(b), to support its argument that Respondent properly overruled Petitioner's objections to venue. Section 142 provides:

"The venue of civil actions for the collection of . . . any note or *other instrument of indebtedness* shall be, at the option of the plaintiff or plaintiffs . .

"(b) In the county in which the debt was contracted or in which the note or other *instrument of indebtedness was given*."

Republic contends that the guaranty agreements are "instruments of indebtedness" within the contemplation of the statute and that they were "given" in Oklahoma County because the negotiations occurred there, Republic assented to the loan there, and the payments on the note were to have been made there. Republic argues that the fact that two guaranty agreements were executed by Petitioners at their McCurtain County residence does not impair its position that the agreements were "given" in Oklahoma County.

■ Petitioners insist its guaranty agreements in issue are not "instruments of indebtedness" under the statute, and we agree.

In *Powers v. Carson, Okl., 567 P.2d 90 (1977),* we held that a real estate lease is not an "instrument of indebtedness" under § 142(b) inasmuch as such an instrument must have the distinguishing characteristics of being (1) given for an existing debt, and (2) an unconditional promise to pay a sum certain. A lease does not meet those criteria. The debt does not exist when the lease is given, but comes only with possession and the fulfillment of other conditions. It is not an unconditional promise to pay. Similarly, in *Marsh v. District Court Muskogee County, Okl., 579 P.2d 832 (1978),* a contract for sale of real property was found incapable of satisfying the characteristics of being given for an existing debt and an unconditional promise to pay, and it was therefore held outside the intended scope of § 142(b).

So too does a guaranty agreement fail to meet the criteria. Guaranty is defined by statute as "a promise to answer for the debt, default or miscarriage of another person." 15 O.S.1971, § 321. The liability is conditional and the debt does not exist when the agreement is given. The agreements are not "instruments of indebtedness" within the contemplation of the statute.

It is clear that under the criteria established in *Powers and Marsh, supra,* venue in this action on separate guaranty agreements cannot be predicated upon § 142(b). It is therefore unnecessary to determine whether the agreements were "given" in Oklahoma County as Republic contends.

[2] Republic's additional argument that joinder of the debtor corporation in the action against the individual guarantors is

proper under 12 O.S.1971, § 234,[2] and that the action is "rightly brought"[3] in Oklahoma County against Southern under § 134,[4] is also unpersuasive.

There is no *joint* liability between the guarantors and the corporate debtor. Even if we assume, without so deciding, that Southern is a proper party to this lawsuit in that its inclusion is not merely a sham attempt to lay venue and that venue as to Southern is properly in Oklahoma County, still venue over the nonresident guarantors cannot be established in Oklahoma County because Southern is not a necessary party. See, e. g., *Janeway v. Vandeventer, 172 Okl. 379, 45 P.2d 79 (1935); Wilkinson v. Whitworth, 169 Okl. 286, 36 P.2d 932 (1934); Fisher v. Fiske, 96 Okl. 36, 219 P. 683 (1923).*

■ While Petitioner Lane was served by alias summons in Oklahoma County, a county other than his residence, this does not determine if venue is proper.

In *Knox v. McMillan, Okl., 272 P.2d 1040 (1954)*, a similar argument was presented and the following statement by the Court is decisive of the issue here:

"In a long line of cases involving the venue statutes and the statutes relating to joinder of parties and of causes of action, this Court has consistently held that in a transitory action the plaintiff cannot compel persons residing outside the county where the suit is brought to defend in that county unless the action be rightly brought therein and the petition state a joint cause of action against both the resident and nonresident defendants. [citations omitted]

"  .  .  .  [A]n action is 'rightly brought' within the meaning of Section 154 of our statutes relating to commencement of actions so as to authorize issuance of process to another county for service upon a nonresident defendant when, and only when, a joint transitory action is stated. We adhere to the construction so placed upon such section of our venue statutes which constitutes an exception to the general rule that a defendant is entitled to trial in the county of his residence or where he may be served with process."

See, also, *Board of County Commr's v. District Court, Okl., 435 P.2d 157 (1967).*

Petitioners are correct. Section 139 alone controls venue of this action. Respondent Judge should have sustained Petitioners' pleas to venue.

It is our opinion that the Respondent Judge should be prohibited from proceeding further in the action against the Petitioners. It is so Ordered.

ORIGINAL JURISDICTION ASSUMED AND WRIT OF PROHIBITION ISSUE.

All the Justices concur.

2. Section 234 provides: "Persons severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes, and indorsers and guarantors, may all or any of them be included in the same action, at the option of the plaintiff."

3. Section 154 provides: "Where the action is rightly brought in any county, a summons shall be issued to any other county against any one

or more of the defendants, at the plaintiff's request."

4. Section 134 provides: "An action, other than one of those mentioned in first three sections of this article, against a corporation created by the laws of this state, may be brought in the county  .  .  .  where the cause of action or some part thereof arose  .  .  . "